**PHONOMETRICS, INC., a Florida Corporation, Plaintiff,**

v.

**CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation, Defendant.**

No. 94–7097–CV–RYSKAMP.

United States District Court, S.D. Florida, West Palm Beach Division.

Sept. 28, 2000.

Lance Donald Reich, Bryan Hinshaw Ruben Cohen & Barnett, San Francisco, CA, John P. Sutton, San Francisco, CA, for plaintiff.

Gregg William McClosky, Gordon A. Dieterle, Gary James Drucker, John P. Sutton, Mattlin & McClosky, Boca Raton, FL, for defendant.

### ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

RYSKAMP, District Judge.

THIS CAUSE is before the Court upon Defendant's Renewed Motion for Summary Judgment **[DE 48]**, filed April 10, 2000. Defendant filed a Response **[DE 56]** on May 23, 2000. On September 15, 2000, Defendant filed a Reply **[DE 74]**. Both parties filed various affidavits and reports in support of their arguments. Defendant's motion is now ripe for consideration.

## I. *BACKGROUND* [1]

1. The background facts and information are developed from the parties' statements of fact,

On November 15, 1994, Plaintiff Phonometrics filed its complaint **[DE 1]** against Defendant Choice Hotels International, Inc. ("Choice"), alleging patent infringement pursuant to 35 U.S.C. § 100, *et seq.* (Compl.¶ 1). Plaintiff's suit stems from its now-expired patent, United States Patent Number 3,769,463 ("The '463 Patent"), issued on October 30, 1973, to Philip G. Graham and Lawrence Reich and entitled "Electronic Long Distance Telephone Call Computer and Recorder." (Compl.¶ 8). Plaintiff alleges that Defendant is using internal telephone equipment to calculate, display, and record the cost of long distance telephone calls originating within its hotels. (Compl.¶ 10). Defendant's use of this equipment, Plaintiff claims, infringes upon the '463 Patent because it allows Defendant to, among other things, compute the total cost of a long distance telephone call through storage of data within a cumulative multi-call cost register. (Compl.¶¶ 12–15). Because Plaintiff's patent expired on October 30, 1990, it seeks only to recover damages for the period of time prior to expiration.

Defendant Choice Hotels International, Inc. owns and manages various hotel properties. All of the Choice hotels used the same internal telephone operating systems prior to October 30, 1990. The systems used by Choice did not display to hotel guests the costs of a telephone call, or any portion thereof, during such a call. (Affid. of Stewart ¶ 8–10). The systems thus did not provide callers with a running, real-time total cost of a long-distance telephone call in dollars and cents while such call was in progress. *Id.* Only after a call was complete could a Choice hotel guest receive information regarding the cost of a telephone call, and in such case that information was not available though any display device within the phone itself. (Affid. of Stewart ¶ 11–12). Only the hotel, through a folio retrieved from an internal database, could determine the costs of a guest telephone call, and it could do so only upon completion of the call. The affidavits, and other evidence submitted in support of their pleadings.

hotel guest making the call had no access to a running, real-time digital costs display at any time. (Affid. of Stewart ¶ 13). Plaintiff's expert, Jaffer Qamar, President of SmartPad, Inc., evaluated Choice hotels' system, but bases his entire expert report upon his opinion that the hotel itself, and not the guest making the call, is the "caller" for purposes of the patent. (Qamar Rep. ¶¶ 25–26, 30). Mr. Qamar's expert report is also based upon the assumption that Plaintiff's claim "does not require printing records of calls that have not ended," and does not require information provided the caller be transmitted during the call. (Amend. Qamar Rep. ¶¶ 14, 27, 34).

As described in the patent itself, the invention permits a caller to set and store the long-distance charges applicable to a particular call and to visually monitor those costs in increasing dollars and cents while the call is in progress. The invention may also be set to indicate elapsed time and to cumulatively indicate the costs of all calls made during a given period of time. (Patent-in-suit, col. 1, lines 37–39). In order to provide this visual display of costs while the call is in progress, the invention includes a digital display which, according to the patent-in-suit, has two functions: 1) to display the cumulative cost of a single call "to continuously remind the caller as to the cost of the call as the call progresses, and 2) to indicate the total cost of the call at completion." (Patent-in-suit, col. 3, lines 27–31). The apparatus thus performs two basic functions: continuous real-time display of the present call's costs to the caller, and a report of the cumulative cost upon the call's completion.

On February 2, 1997, this Court stayed **[DE 41]** the present case pending the resolution of Plaintiff's parallel suits against various manufacturers of telephone equipment. After this Court granted summary judgment in favor of several equipment manufacturers, the Federal Circuit issued an opinion with respect to Plaintiff's patent claims. *See Phonometrics, Inc. v. North-*

*ern Telecom Inc.*, 133 F.3d 1459 (Fed.Cir. 1998). In its opinion, the Federal Circuit went into great detail in evaluating the scope of Plaintiff's '463 Patent. Specifically, the Federal Circuit held that 1) "digital display" does not include machine readable devices that merely save call information on a computer for later access; 2) "substantially instantaneous display of cumulative call cost in dollars and cents" means "functions to display current, accurate information about the costs of a call" that is displayed for costs "as they accrue, in real time, and not only once the call has ended;" 3) the patent requires that "the costs displayed in the register must be accurate at all times during the call, so that regardless of the point at which the call is terminated, the cumulative cost displayed in the register will be accurate, without further calculation;" and 4) any real-time information provided by the equipment must be provided to "the caller," *Id.* at 1463–65. In sum, the Federal Circuit found that the following is required for Plaintiff to maintain a patent infringement suit with respect to the '463 Patent: "[A] devise which displays the cumulative costs of a long distance call both as charges accrue and after the call has been terminated." *Id.* at 1466.

On April 19, 2000, this Court reopened this case [**DE 51**] pursuant to the Federal Circuit's ruling. On April 10, 2000, Defendant filed its Renewed Motion for Summary Judgment [**DE 48**]. Defendant asserts that it is entitled to summary judgment because 1) Choice hotels do not use equipment that displays the cost of a long distance call in a real-time display, but rather computes such costs at the end of the call; and 2) Choice hotels do not provide such a running costs display to the caller, i.e., the hotel guest who is actually placing the long distance call. (Ren.Mot.S.J. at 4–5). Plaintiff's Response [**DE 56**], filed May 23, 2000, contends that summary judgment is inappropriate because 1) the patent does not require a display to remind the caller of mounting costs; 2) the phone system used by Choice is capable of digitally displaying the cost of a call; and 3) the phone system used by Choice provides a "substantially instantaneous" print-out of guest call costs to the hotel, which is actually "the caller" in that context.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) sets forth the standard governing summary judgment. In its most basic form, summary judgment is appropriate where there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). An issue of fact is material if it might affect the outcome of the suit under the governing law. *Id.* at 248, 106 S.Ct. 2505. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the party opposing summary judgment may not simply rely on the pleadings or mere denials of the allegations. Rather, the opposing party must adduce some evidence showing that material facts are in issue. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. "Rule 56(c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548,

91 L.Ed.2d 265 (1986); *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Eleventh Circuit has restated the method for allocating burdens in a summary judgment motion. Specifically, in accordance with U.S. Supreme Court precedent,

> The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). With respect to patent cases, the Federal Circuit has stated a good faith dispute as to the meaning and scope of asserted claims does not, in and of itself, create a genuine dispute to preclude summary judgment. *See Lantech, Inc. v. Keip Mach. Co.,* 32 F.3d 542, 546 (Fed.Cir. 1994).

### III. *DISCUSSION*

■ Although patent infringement analysis may involve questions of both law and fact, summary judgment may still be proper where there is no genuine issue of material fact. *See Nike Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed. Cir.1994). Where the evidence concerning the structure and operation of a patented device is not refuted, summary judgment may be properly granted. *See Phonometrics,* 133 F.3d at 1464. In the instant case, for the reasons stated below, no issue of material fact exists with respect to whether Defendant used telephone equipment that infringed upon the '463 Patent, and summary judgment in favor of Defendant is therefore proper.

■ The Federal Circuit has clearly stated that the '463 Patent requires "two separate and equally important functions: (1) it provides the caller with real time,

accurate information about the costs of the call via digital display as the long distance charges accrue during the call; and (2) it reflects the total cost of the call via the same digital display after the call has been terminated." *Id.* at 1465. The court specifically rejected Plaintiff's claim that the patent does not require a real-time digital display of cost, but rather merely some form of cost calculation. *Id.*

Plaintiff makes two arguments in an attempt to distinguish the present matter from the Federal Circuit's findings in *Northern Telecom,* and Plaintiff's expert report relies heavily upon both being true. Both arguments fail. First, Plaintiff argues in its Response and at oral argument that in the case of a hotel the "caller" is not the guest making a long-distance call from the hotel room, but rather the hotel itself. Plaintiff contends that because the hotel has a contract with the phone company and is ultimately responsible for the cost of the call should the guest not pay, the hotel is the "caller" for purposes of the patent. This Court disagrees. Not only does Plaintiff's argument contradict the common sense meaning of the term "caller," it is inconsistent with the Federal Circuit's decision in *Northern Telecom.* Second, Plaintiff argues that its claim does not require a real-time display to remind the caller of the cost of a call. This Court disagrees, for the Federal Circuit made it quite clear in *Northern Telecom* that Phonometrics's patent does indeed require such a running cost display. Plaintiff argues that the Federal Circuit's interpretation of the patent is "a mistaken interpretation of fact" that should not be adopted by this Court. Nevertheless, not only does this Court agree with the Federal Circuit's interpretation, it is bound by it.

The Court's consideration of Defendant's Renewed Motion for Summary Judgment is thus simple: in order for Plaintiff to prevail in its suit against Choice, it must show that the equipment used by the hotels serves *both* of the functions outlined by the Federal Circuit. If

there is no dispute of material fact with respect to whether Choice hotels provide callers (hotel guests) with a real-time digital display depicting the cost of a call both during and after completion of that call, summary judgment must be granted in favor of Defendant.

In the instant case, there is no dispute of material fact with respect to the question of whether Choice hotels' telephone system provides callers with a real-time digital display in which the caller can track the cost of a call in dollars and cents while the call is in progress. Plaintiff does not even *accuse* Choice of having such a system, but rather attempts to construe Choice's system of such by arguing that the *hotel* has substantially instantaneous access to the cost of guest calls (both local and long-distance) through its computer database. Never does Plaintiff allege that Choice's guests have a real-time cost display, nor does the Court have before it any facts to support such a contention. Simply put, there is not even an *allegation* before the Court that Choice has violated the patent as it has been defined by the Federal Circuit. Because Choice's telephone system does not provide either of the two basic functions of the '463 Patent, there can be no infringement as a matter of law and there is no dispute of material fact.[2]

For these reasons, it is hereby

ORDERED AND ADJUDGED that Defendant's Renewed Motion for Summary Judgment **[DE 48]**, filed April 10, 2000, is **GRANTED.** The Court retains jurisdiction to resolve the issue of attorney's fees and costs. Final Judgment shall be entered by separate order.

---

2. Overall, Plaintiff's continued efforts to litigate its claims against hotel chains are weak in light of the Federal Circuit's affirming of summary judgment against the manufacturers. It seems certain that if Plaintiff has no valid patent claim against the companies that manufacture the telephone equipment, it surely has no claim against the hotel chains that simply *use* such equipment.