**PHONOMETRICS, INC.,**
**Plaintiff–Appellant,**

v.

**CHOICE HOTELS INTERNATIONAL,**
**INC., Defendant–Appellee.**

No. 01–1045.

United States Court of Appeals,
Federal Circuit.

Oct. 9, 2001.

Rehearing Denied Nov. 26, 2001.

Before MICHEL, Circuit Judge, RADER, Circuit Judge and ARCHER, Senior Circuit Judge.

PER CURIAM.

Phonometrics, Inc. appeals from a grant of summary judgment by the United States District Court for the Southern District of Florida, *see Phonometrics, Inc. v. Choice Hotels International, Inc.,* 117 F.Supp.2d 1341, 1344–45 (S.D.Fla.2000), finding that Phonometrics had failed to raise a genuine issue concerning the infringement of U.S. Patent No. 3,769,463 (the " '463 patent"). Because we have already held that claim 1 of the '463 patent does indeed claim a device that gives call-

ers cost information both *during* and after a long-distance call has ended, *see Phonometrics, Inc. v. Northern Telecom Inc.,* 133 F.3d 1459, 1465 (Fed.Cir.1998), and because Phonometrics has not even attempted to show that the features of the accused device meet this limitation, we *affirm* the trial court's ruling.

■ We need not provide many of the details underlying this case, for we have already described and construed part of the '463 patent in our previous opinions. *See generally id.* at 1464–66; *Intellicall, Inc. v. Phonometrics,* Inc., 952 F.2d 1384 (Fed.Cir.1992). Indeed, we held in *Northern Telecom* that the limitation "substantially instantaneous" meant the phone display device claimed by the '463 patent must give callers information about the cost of their long-distance call both during the call and after the call had ended. *See* 133 F.3d at 1465. We stated this holding no less than four times. *Id.*

This case involves the interpretation of the same limitation in the same claim in the same patent. Citing our decision in *Northern Telecom,* the trial court ruled that since no evidence showed that Choice Hotels' accused device similarly provided cost information *during* a call, Choice Hotels warranted summary judgment. On appeal, Phonometrics does not point to any record evidence showing that the accused device also provides cost information during a call. Instead, it characterizes our earlier construction of the "substantially instantaneous" limitation as "pure dictum" (Appellant's Br. at 10) or "unnecessary dictum" (*id.* at 24).

■ This contention is simply baffling. We *held* in *Northern Telecom* that "substantially instantaneous" meant the patented phone device gave a caller cost information "throughout the duration of the call," 133 F.3d at 1459, "at all times *during* the call," *id.* (emphasis in original), "during the

call," *id.*, and "not only once the call has ended," *see id.* In other words, we have already addressed and answered the precise question presented in this appeal. Nor will we entertain new arguments such as alleged inoperability of the invention when the claims are construed as we have construed them, because all such arguments about the meaning of "substantially simultaneous" either were or could have been made in the earlier appeals. Under principles of *stare decisis,* moreover, future panels like the present panel will follow the claim construction set forth by our court in the two decisions cited above and, therefore, we would not welcome further appeals seeking to re-litigate the meaning of that phrase. Indeed, further appeal on that issue would appear to be subject to possible sanctions as frivolously filed under Fed. R.App. P. 38.

Accordingly, we discern no error with the trial court's judgment and therefore affirm.