PHONOMETRICS, INC., Plaintiff,

v.

CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation, Defendant.

No. 94–7097–CIV–RYSKAMP.

United States District Court, S.D. Florida.

Feb. 8, 2002.

John P. Sutton, Esquire—for Choice Hotels, International, Inc.

Gordon A. Dieterle, Esquire—for Phonometrics, Inc.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED VERIFIED MOTION TO TAX ATTORNEYS' FEES

RYSKAMP, District Judge.

This Cause is before the Court upon Defendant's Renewed Verified Motion to Tax Attorneys' Fees [DE 107], filed October 22, 2001. Defendant's motion is now ripe for adjudication.

## I. BACKGROUND

This motion arises out of Plaintiff's claim of patent infringement against Defendant. On November 15, 1994, Plaintiff filed its Complaint, alleging that Defendant infringed upon Plaintiff's U.S. Patent No. 3,769,463 ("the '463 patent"), by using in-

ternal telephone equipment "to calculate, record, and display the costs of each long distance telephone call initiated from calling telephones within Defendant's hotels." (Compl.¶ 10.) The Complaint also charged that Defendant's infringement was willful.

On September 28, 2000, this Court granted Defendant's Motion for Summary Judgment and entered a Final Judgment in favor of Defendant and against Plaintiff. In granting summary judgment, this Court found "no dispute of material fact with respect to the question of whether Choice Hotels' telephone system provides callers with a real-time digital display in which the caller can track the cost of the call in dollars and cents while the call is in progress." September 28, 2000 Order Granting Summary Judgment. This Court pointed out that the Federal Circuit has construed the '463 patent as requiring "two separate and equally important functions: (1) it provides the caller with real time, accurate information about the costs of the call via digital display as the long distance charges accrue during the call; and (2) it reflects the total cost of the call via the same digital display after the call has been terminated." *Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d 1459, 1465 (Fed.Cir.1998). The Court also pointed out that Plaintiff does not even accuse Defendant of having such a system, as "there is not even an allegation before the Court that Choice has violated the patent as it has been defined by the Federal Circuit." September 28, 2000 Order Granting Summary Judgment.

On October 27, 2000, Defendant filed its Motion to Tax Attorneys' Fees [DE 88]. This Court deferred ruling on the motion pending Plaintiff's appeal of this Court's grant of summary judgment. On October 9, 2001, the Court of Appeals for the Federal Circuit issued an opinion affirming this Court's grant of summary judgment to Defendant. The Federal Circuit's opinion

was issued as a mandate on October 30, 2001. Defendant filed its Renewed Verified Motion to Tax Attorneys' Fees [DE 127] on October 22, 2001, and this Court finds it appropriate to now adjudicate this motion.

## II. LEGAL STANDARD

■ Under the patent laws, "[t]he court in exceptional cases may award reasonable attorneys' fees to the prevailing party." 35 U.S.C. § 285. Generally, an award of fees in a patent case must be the exception and not the rule. *See Milgo Elec. Corp. v. United Business Commun. Inc.*, 623 F.2d 645, 667 (10th Cir.1980), *cert. denied*, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980). The types of conduct which may form a basis for finding a case exceptional include: " 'willful infringement, inequitable conduct before the P.T.O. [Patent and Trademark Office], misconduct during litigation, vexatious or unjustified litigation, and frivolous suits.' " *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, ·23 F.3d 374, 376 (Fed.Cir.1994).

■ When a party makes "a colorable, albeit weak, argument that was not raised in bad faith," the court should not grant attorneys fees. *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1061 (Fed.Cir.1986). Conversely, when a claim is "clearly hopeless and unquestionably without any possible basis in fact or law," the court has discretion to award attorneys' fees. *Chemical Engineering Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed.Cir.1984). Furthermore, "the filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285." *Eltech Sys. v. PPG Indus.*, 710 F.Supp. 622 (W.D.La. 1988), *aff'd*, 903 F.2d 805, 811 (Fed.Cir. 1990) (stating "where as here, the patentee is manifestly unreasonable in assessing infringement, while continuing to assert in-

fringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence").

## III.  DISCUSSION

In its motion, Defendant asserts that Plaintiff knew its claim was factually and legally baseless at the time it filed its Complaint.  Defendant argues that Plaintiff's filing and maintenance of this lawsuit was therefore vexatious and deserving of the exceptional case status necessary to grant Defendant attorneys' fees.  This Court does not find the filing of this lawsuit to be vexatious, but does find the maintenance of this lawsuit after January 15, 1998 to be vexatious and deserving of exceptional case status and grants attorneys' fees accordingly.

Defendant argues that this lawsuit was vexatious from the moment of filing.  Defendant argues that at the time of the filing Plaintiff had notice, due to the Federal Circuit's opinion in *Intellicall, Inc. v. Phonometrics, Inc.,* 952 F.2d 1384, that the '463 patent required a real-time display which tracks the cost of a long distance call while the call is in progress.  Defendant asserts that Plaintiff knew its lawsuit was hopeless at the time it filed its Complaint because Plaintiff was aware that Defendant's hotels' telephone systems did not provide callers with a real-time display which tracks the costs during the call.

On February 13, 1997, Plaintiff specifically represented in a hearing before this Court that "the fact of the matter is that there are none of these equipments that these defendants [including Choice Hotels] have that has a display to the caller during the call in progress."  Transcript of February 13, 1997 Hearing before Judge Kenneth Ryskamp.  This representation alone signifies that Plaintiff was aware from the moment of filing that Defendant's hotels' telephone systems did not provide callers with a real-time digital display which tracks the costs of a long distance call while the call is in progress.  Such awareness by Plaintiff, however, is insufficient to find that the litigation was vexatious and exceptional from the moment of filing.

■  During this Court's February 13, 1997 hearing, Plaintiff argued that the '463 patent does not require a display to the caller during the call, and pointed out that the Federal Circuit had never stated that the '463 patent requires such a display.  At that point in time, Plaintiff's argument was not completely baseless because there was no precedent from the Federal Circuit specifically requiring such display to the caller during the call to find infringement of the '463 patent.  Defendant argues that the Federal Circuit held in *Intellicall* that the '463 patent required a display to the caller during the call, but, as the Federal Circuit explained in *Phonometrics, Inc. v. Northern Telecom Inc.,* 133 F.3d 1459 (Fed.Cir.1998), *Intellicall* only decided the issue of "whether the limitation 'digital display' meant only visual display or also encompassed machine readable information." *Northern Telecom, Inc.,* 133 F.3d at 1464.  The Federal Circuit specifically stated that "[a]ny construction of other limitation in claim 1 ... made in *Intellicall* was merely dictum, and therefore has no preclusive effect for this appeal." *Id.* As the Federal Circuit has pointed out in a prior case, since there was not clear precedent regarding whether the '463 patent required a display of the costs of a call during the call, this Court cannot find Plaintiff's filing of this case to be vexatious and deserving of an award of attorneys' fees.  *See Phonometrics v. ECI Telecom Business Networks, Inc.,* slip op., 2000 WL 286359 (Fed.Cir. March 16, 2000).

■  Any doubt regarding the requirements of the '463 patent was cleared up in 1998 when the Federal Circuit went into

great detail evaluating the scope of the '463 patent in its opinion in *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459 (F'ed.Cir.1998). Specifically, the Federal Circuit restated its previous holding from *Intellicall v. Phonometrics, Inc.*, 952 F.2d 1384, 1387–88 (Fed.Cir.1992), that the patent's required "digital display" does not include machine readable devices that merely save call information on a computer for later access. *Northern Telecom Inc.*, 133 F.3d at 1464. The Federal Circuit also held: 1) "substantially instantaneous display of cumulative call cost in dollars and cents" means "functions to display current, accurate information about the costs of a call" that is displayed for costs "as they accrue, in real time, and not only once the call has ended;" 2) the patent requires that "the costs displayed in the register must be accurate at all times during the call, so that regardless of the point at which the call is terminated, the cumulative cost displayed in the register will be accurate, without further calculation;" and 3) any real-time information provided by the equipment must be provided to "the caller." *Id.* at 1464–65. In sum, the Federal Circuit found that the following is required for Plaintiff to maintain a patent infringement suit with respect to the '463 Patent: "[A] devise which displays the cumulative costs of a long distance call both as charges accrue and after the call has been terminated." *Id.* at 1466.

After the Federal Circuit clearly interpreted the '463 patent to require a real-time display which tracks the cost of a long distance call while the call is in progress, Plaintiff continued to litigate this case. From the moment the Federal Circuit issued its opinion in *Northern Telecom*, Plaintiff was on notice of the Federal Circuit's interpretation of the '463 patent, yet, as pointed out in this Court's grant of summary judgment, Plaintiff never once accused Defendant of violating the '463 patent as it was defined by the Federal Circuit. Instead, Plaintiff attempted to slide around the Federal Court's interpretation of the '463 patent by arguing that Defendant infringed the '463 patent because Defendant's hotels had substantially instantaneous access to the cost of guest calls through its computer database. Continued prosecution of this case based on an argument that runs completely contrary to the Federal Circuit's interpretation of the '463 patent was unjustified and vexatious.

This Court's finding that Plaintiff's filing of the case was not vexatious and deserving of exceptional status does not preclude a finding that Plaintiff's maintenance of the case after *Northern Telecom* was vexatious, unjustified and deserving of exceptional status. Before *Northern Telecom*, Plaintiff's claim was not totally baseless because the Federal Circuit had not clearly explained whether the '463 patent required a real-time display showing the costs of the call to the caller during the call. However, from the moment *Northern Telecom* was announced, Plaintiff was aware that infringement of the '463 patent could only be possible if Defendant's hotels provided real-time displays showing the costs of the call to the caller during the call. Because Plaintiff continued to litigate this case knowing that its claim could not meet the standard for infringement of the '463 patent articulated by the Federal Circuit, this case is exceptional from the date of the *Northern Telecom* opinion. Accordingly, this Court grants Defendant attorneys' fees incurred after January 15, 1998, the date that the Federal Circuit issued its opinion in *Northern Telecom*.

## IV. CONCLUSION

For the reasons stated above, and after review of the motion and the pertinent portions of the record, it is hereby

ORDERED AND ADJUDGED that Defendant's Renewed Verified Motion to Tax

Attorneys' Fees [DE 107], filed October 22, 2001, is **GRANTED IN PART** and **DENIED IN PART.** Defendant is granted attorneys' fees incurred after January 15, 1998, the date that the Federal Circuit issued its opinion in *Northern Telecom.* Within ten (10) days of the date of this Order, Defendant is to submit a statement to this Court which clearly indicates the attorneys working on this case, the hourly rates billed by each attorney, the number of hours expended by each attorney on this case since January 15, 1998, and the total attorneys' fees incurred by Defendant since January 15, 1998.