**PHONOMETRICS, INC.,**
**Plaintiff–Appellant,**

v.

**WESTIN HOTEL CO., Defendant–**
**Appellee.**

**No. 02–1314.**

United States Court of Appeals,
Federal Circuit.

Feb. 12, 2003.

John P. Sutton, of San Francisco, CA, argued for plaintiff-appellant.

Nicholas L. Coch, Kramer Levin Naftalis & Frankel LLP, of New York, NY, argued for defendant-appellee. With him on the brief was Vito J. DeBari.

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Phonometrics, Inc. appeals from the decision of the United States District Court for the Southern District of Florida granting Westin Hotel Co. summary judgment of noninfringement of Phonometrics' United States Patent 3,769,463. *Phonometrics, Inc. v. Westin Hotel Co.*, No. 94–6504–CV (S.D.Fla. Feb. 26, 2002). We affirm. Furthermore, we order Phonometrics and its attorney, John P. Sutton, jointly and severally, to pay Westin $3,000.00 as a sanction for making frivolously unmeritorious arguments before this court.

## BACKGROUND

This is one of many appeals brought to this court by Phonometrics in its attempts to enforce the '463 patent. Because the '463 patent has been discussed extensively in other opinions, we set forth only the most essential background here. For additional information the reader can consult the decisions cited below.

Claim 1 of the '463 patent reads in relevant part:

1. An electronic solid state long-distance telephone call cost computer apparatus ... comprising:

* * *

call cost register means, including a digital display, for providing a substantially instantaneous display of cumulative call cost in dollars and cents;

* * *.

'463 patent, col. 8, ll. 23–43. In *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 21 USPQ2d 1383 (Fed.Cir.1992), we affirmed the district court's construction of the phrase "digital display" in that claim. In doing so, we stated:

> The district court properly ... found no support for a construction of "digital display" which would encompass either machine readable or human readable devices, nor for a construction that an "instantaneous [digital] display" includes information given to a computer for later access.[1] We agree.

[1] In some instances the district court stated that the display was "to the caller." Appellant asserts that the court thereby added a limitation to the claim. *If* this was an error, and we are not persuaded that the court intended to so restrict the claim when the restriction was not necessary to its discussion, the error would be harmless. The claim in any event does not encompass machine readable information.

*Id.* at 1388, 952 F.2d 1384, 21 USPQ2d at 1387 (alteration in original) (emphasis added). Several years later, in *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 45 USPQ2d 1421 (Fed.Cir.1998), we explained that the scope of the above pronouncement was limited to the phrase "digital display" only:

> The issue in *Intellicall* was whether the limitation "digital display" meant only visual display or also encompassed machine readable information. The district court held, and we agreed, that the limitation "digital display" does not include machine readable devices, or information given to a computer for later access. Any construction of other limitations in claim 1 ... that we or the district court made in *Intellicall* was merely dictum, and therefore has no issue preclusive effect for this appeal.

*Id.* at 1464, 133 F.3d 1459, 45 USPQ2d at 1425. We went on in *Northern Telecom* to construe the phrase "substantially instantaneous" to mean that the call cost register

means "provide[s] accurate cost information while the call progresses as well as total cost information once the call has ended," *id.* at 1467, 133 F.3d 1459, 45 USPQ2d at 1428, rather than just providing accurate cost information immediately upon termination of the call, as Phonometrics had contended, *id.* at 1465, 133 F.3d 1459, 45 USPQ2d at 1426.

In the next appeal of significance to this case, *Phonometrics, Inc. v. Choice Hotels International, Inc.*, 21 Fed.Appx. 910 (Fed.Cir.2001) (nonprecedential), we reiterated the claim construction provided in *Northern Telecom* and rebuked Phonometrics' "baffling" contention that our earlier claim construction was dictum. *Id.* at 911. Furthermore, we warned that "we would not welcome further appeals seeking to relitigate the meaning of that phrase ['substantially instantaneous']" and that "further appeals on that issue would appear to be subject to possible sanctions as frivolously filed under Fed. R.App. P. 38." *Id.* at 912.

Finally, just one month before this appeal was argued, we summarily affirmed the district court's judgment in another Phonometrics appeal: *Phonometrics, Inc. v. ITT Sheraton Corp.*, 50 Fed.Appx. 992 (Fed.Cir.2002) (nonprecedential order entered pursuant to Fed. Cir. R. 36). In that appeal, Phonometrics made many of the same arguments as it now makes in this appeal.

In the events leading up to this particular appeal, the district court granted summary judgment of noninfringement to Westin on the ground that there was no genuine issue of material fact that Westin's guest room telephones did not include a "digital display," as that phrase has been construed by this court in *Northern Telecom* and reiterated in *Choice Hotels*. *Phonometrics, Inc. v. Westin Hotel Co.*, No. 94–6504–CV, slip op. at 8 ("[Phonometrics]

has provided no evidence that the Defendant's hotels' telephone system provide callers with real-time visual digital displays depicting the cost of a call during the call, as is required under the '463 patent as defined by the Federal Circuit."). The court rejected Phonometrics' contention that a printed paper notice that indicates the fixed cost of a local call in a guest room can be the "digital display" recited in the claim. *Id.* at 7–8.

Phonometrics has appealed yet again, raising the same issues as in the earlier cases. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

■ We review a district court's grant of summary judgment *de novo*, reapplying the same standard used by the district court. *Ethicon Endo–Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315, 47 USPQ2d 1272, 1275 (Fed.Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ A determination of patent infringement requires a two-step analysis. "First, the court determines the scope and meaning of the patent claims asserted ... [Second,] the properly construed claims are compared to the allegedly infringing device." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454, 46 USPQ2d 1169, 1172 (Fed.Cir.1998) (en banc) (citations omitted). Step one, claim construction, is an issue of law, *Markman v. Westview*

*Instruments, Inc.*, 52 F.3d 967, 970–71, 34 USPQ2d 1321, 1322 (Fed.Cir.1995) (en banc), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), that we review *de novo*, *Cybor*, 138 F.3d at 1456, 46 USPQ2d at 1172. Step two, comparison of the claim to the accused device, requires a determination that every claim limitation or its equivalent is found in the accused device. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). Those determinations are questions of fact. *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353, 48 USPQ2d 1674, 1676 (Fed.Cir.1998).

Phonometrics now argues, much as it did in its recent appeal against ITT Sheraton, that this court's opinions in *Intellicall* and *Northern Telecom* are in conflict regarding whether the recited "digital display" must be "to the caller." According to Phonometrics, footnote 1 of *Intellicall* correctly held that the phrase "to the caller" cannot be part of the construction of the relevant claim limitation, whereas *Northern Telecom* impermissibly imported that limitation into the claim when it stated that the recited "digital display" "provides the caller with real time, accurate information about the cost of the call." *N. Telecom*, 133 F.3d at 1465, 45 USPQ2d at 1426. Phonometrics contends, in the alternative, that even if the "digital display" must be "to the caller," there are genuine questions of material fact whether Westin's telephone systems meet that limitation on two grounds: first, whether Westin utilized telephones that had the capability to display cost information; second, whether Westin provided a printed notice in its guest rooms indicating the per call flat rate for local calls, thereby meeting the claim limitations. Phonometrics also makes various other arguments, including questioning whether the phrase "substantially instantaneous" means "during the

call," and contending that the district judge was biased against Phonometrics.

Westin responds that Phonometrics is attempting to re-argue aspects of claim construction that have been conclusively decided in *Intellicall* and *Northern Telecom*. Westin also contends that summary judgment of noninfringement was proper because no evidence casts doubt upon the fact that all Westin call cost accounting systems during the time of the alleged infringement lacked a visual display of call cost—at any time, during or after the call. Westin also contends that Phonometrics' bias argument is improper, as Phonometrics has not appealed the district court's denial of its motions to disqualify the district judge.

Finally, Westin submits that this appeal is frivolous and seeks sanctions against Phonometrics. Phonometrics responds by repeating its arguments that *Intellicall* and *Northern Telecom* are irreconcilable, and that *Choice Hotels* cannot resolve that difference because the *Choice Hotels* opinion is nonprecedential.

■ Turning first to the alleged contradiction between the decisions on claim construction in *Intellicall* and *Northern Telecom*, we perceive no such contradiction. Phonometrics' contention that there is a conflict is premised upon its reading of footnote 1 in *Intellicall* as pronouncing that it would be erroneous to include a "to the caller" limitation in the construction of the phrase "digital display." We disagree with that reading. Footnote 1 clearly does not state that such a construction would be erroneous. Phonometrics has apparently overlooked the word "if" and the final sentence in footnote 1, which read, "*If* this

was an error, ... the error would be harmless. The claim in any event does not encompass machine readable information." *Intellicall*, 952 F.2d at 1389 n. 1, 21 USPQ2d at 1383 n. 1 (emphasis added). Rather than suggesting that "to the caller" should not be part of the claim construction, as Phonometrics contends, footnote 1 actually indicates that the opposite may be true, as the opinion clearly holds that the display must be human readable—not merely machine readable. Phonometrics' creative reading of the cases is thus wholly without merit. Moreover, even if the *Intellicall* panel had believed that the claim did not include a "to the caller" limitation, any expression of that belief was, as the *Northern Telecom* opinion states, dictum, as it was not essential to the holding in that case.

■■ Also wholly lacking in merit is Phonometrics' suggestion that the claim phrase "substantially instantaneous" does not mean "during the call." We clearly held that the phrase is to be construed as referring to the time during the call and at the termination of the call. We held so expressly not just once, *N. Telecom*, 133 F.3d at 1467, 45 USPQ2d at 1428, but twice, *Choice Hotels*, 21 Fed.Appx. at 911.* (We also summarily rejected Phonometrics' contrary suggestion in *IIT Sheraton*.) Phonometrics' persistence in pursuing this argument is again baffling and, worse, in violation of our admonition against "further appeals seeking to re-litigate the meaning of that phrase." *Id.* at 912. True to our warning and pursuant to Federal Rule of Appellate Procedure 38, we therefore sanction Phonometrics and order payment of $3,000.00 to Westin Ho-

---

* Phonometrics' contention that *Choice Hotels* can be ignored because it is a nonprecedential opinion is contrary to long-standing practice and the plain text of Federal Circuit Rule 47.6(b). *See* Fed. Cir. R. 47.6(b) (2001) ("This rule does not preclude assertion of claim pre- clusion, issue preclusion, judicial estoppel, law of the case, or the like based on a deci- sion of the court designated as nonpreceden- tial."); *see also Burke, Inc. v. Bruno Indep. Living Aids, Inc.*, 183 F.3d 1334, 1337–38, 51 USPQ2d 1295, 1297–98 (Fed.Cir.1999).

tels, who has had to respond to arguments that defy any reasonable reading of the relevant cases. Because we know not where the blame for Phonometrics' litigation tactics lies, we direct the sanction to Phonometrics and its attorney, Mr. Sutton, jointly and severally.

■ Regarding the district court's grant of summary judgment, because the claim phrase "substantially instantaneous" unquestionably refers to the time during and immediately after a call, we review the court's grant under that claim construction. The district court found no genuine issues of material fact that Westin's call accounting system does not meet that limitation as so construed. Phonometrics argues that two pieces of evidence raise such a genuine issue under that claim construction. First, Phonometrics argues that Westin utilized a ROLM telephone called the ROLMphone 400, which has the capability of displaying cumulative call cost. The district court's opinion does not mention that evidence, and Westin contends that Phonometrics has cited that evidence for the first time on appeal and that we should therefore not consider it. In reply, Phonometrics contends that, while it is improper to raise new issues on appeal, it is appropriate to present new evidence relevant to an issue already raised below. Phonometrics is mistaken. We, as a court of review, generally do not consider evidence that has not been considered by the district court. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1384–85, 65 USPQ2d 1146, 1150 (Fed.Cir.2002). Moreover, even if we were to consider that evidence, we would find it to be insufficient to defeat summary judgment. While Westin admits to using some ROLM equipment during the time of the alleged infringement, and while Phonometrics' belatedly cited evidence shows that one model of ROLM telephones had a cumulative cost display feature, Phonometrics has failed to produce any evidence that Westin used the particular model that contains that feature or even that that model existed at the time of the alleged infringement.

■ Secondly, Phonometrics argues that Westin's use of printed paper notices in hotel rooms stating the fixed per-call cost of local calls reads on the claim's "digital display." The district court rejected that contention on the ground that such notices "are not even alleged to be part of the call cost register means, the apparatus of which the display must be part for infringement." *Phonometrics v. Westin Hotel*, No. 94–6504–CV, slip op. at 8. We affirm the district court's decision on that matter.

Finally, we turn to the issue of bias. Phonometrics' brief before this court is replete with allegations of bias by the district judge. As evidence of that alleged bias, Phonometrics points to the facts that the district judge has (1) ruled against it on every issue; (2) awarded attorney fees every time a defendant sued by Phonometrics has requested them; (3) insisted on adopting a consistent claim construction; and (4) disagreed with Phonometrics' proffered construction of the phrase "substantially instantaneous" after our decision in *Intellicall*. Westin responds that Phonometrics has failed to appeal from the court's decision denying its motion to disqualify himself on the ground of bias, and that we therefore cannot reach the bias issue.

■ We disagree with Westin regarding reviewability. However, we conclude that Phonometrics' bias argument fails on the merits. Under the law of the Eleventh Circuit, the pertinent law on this recusal issue, *see Baldwin Hardware Corp. v. Franksu Enter. Corp.*, 78 F.3d 550, 556, 37 USPQ2d 1829, 1832 (Fed.Cir. 1996), a district court's refusal to recuse may be raised in an appeal from the final judgment and is reviewed for an abuse of

discretion, *Diversified Numismatics, Inc. v. City of Orlando,* 949 F.2d 382, 384 (11th Cir.1991) (citations omitted). Thus, the issue of bias is properly before us. On the merits, the Eleventh Circuit's test for recusal is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's responsibility." *Id.* (quoting *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988)). In this case, we discern no abuse of discretion in the district court's refusal to recuse himself. The district judge's actions appear to have properly addressed the issues before him. A consistent interpretation on an issue that a litigant persists in raising is hardly evidence of bias; nor is a pattern of adverse rulings, by itself, evidence of bias against the losing party. Under the circumstances, it was not amiss for the district judge to have displayed irritation with Phonometric's repeated specious arguments, as the record reflects.

Phonometrics has raised a number of other arguments in this appeal. Although we have not discussed each one, we have carefully considered all of them and find them to be unpersuasive. Lest there be any misunderstanding this time, we reinforce our earlier caution to Phonometrics that attempts to re-litigate issues decided in this or any of the previous appeals will be sanctioned more severely.

## CONCLUSION

Under the claim construction previously decided by this court, we conclude that there are no genuine issues of material fact that Westin does not infringe the '463 patent. Because Phonometrics' claim construction arguments to the contrary are frivolous, we sanction Phonometrics and Mr. Sutton jointly and severally in the amount of $3,000.00, payable to Westin. We also perceive no abuse of discretion in the district court's refusal to recuse him-

self on the ground of bias. Accordingly, the district court's grant of summary judgment in favor of Westin is

*AFFIRMED.*