**PHONOMETRICS, INC.,**
**Plaintiff–Appellant,**

v.

**CHOICE HOTELS INTERNATIONAL,**
**INC., Defendant–Appellee.**

No. 02–1360.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 29, 2003.

Rehearing and Rehearing En Banc
Denied June 10, 2003.

Before MICHEL, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Phonometrics, Inc. appeals from the order of the United States District Court for the Southern District of Florida granting-in-part and denying-in-part Choice Hotels International, Inc.'s ("Choice Hotel's") motion to tax attorney fees. We have jurisdiction to consider this appeal under 28 U.S.C. § 1295(a)(1). Because the district court made certain errors when determining the amount of attorney fees to award, we *affirm-in-part* and *vacate-in-part* the district court's order and *remand* this case for further proceedings consistent with this opinion.

The district court found that Phonometrics' maintenance of this lawsuit after January 15, 1998–the date we issued our opinion in *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 45 USPQ2d 1421 (Fed.Cir.1998)–to be vexatious and deserving of exceptional case status. According to the district court, it was clear after we issued the claim construction in *Northern Telecom* that Choice Hotels did not infringe U.S. Patent No. 3,769,463 ("the '463 patent"). The district court thus concluded that "[b]ecause Plaintiff continued to litigate this case knowing that its claim could not meet the standard for infringement of the '463 patent articulated by the Federal Circuit, this case is exceptional from the date of the *Northern Telecom* opinion." *Phonometrics, Inc. v. Choice Hotels Int'l, Inc.*, No. 186 F.Supp.2d 1231, 1234 (S.D.Fla.2002). The court subsequently awarded Choice Hotels attorney fees in the amount of $104,859. *Phonometrics, Inc. v. Choice Hotels Int'l, Inc.*, No. 94–7097–CIV–RYSKAMP (S.D.Fla. Mar. 25, 2002).

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award rea-

sonable attorney fees to the prevailing party."

The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is a two-step process. First, the district court must determine whether a case is exceptional, a factual determination reviewed for clear error. After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion. A district court abuses its discretion when its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful.

*Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460, 46 USPQ2d 1169, 1178 (Fed. Cir.1998) (en banc) (citations omitted). "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034, 61 USPQ2d 1470, 1479 (Fed.Cir.2002) (citing *Hoffmann–La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365, 54 USPQ2d 1846, 1850 (Fed.Cir. 2000)). "Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional." *Epcon Gas*, 279 F.3d at 1034, 61 USPQ2d at 1479 (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574, 38 USPQ2d 1551, 1557–58 (Fed.Cir.1996)). When "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys.*

*Corp. v. PPG Indus.*, 903 F.2d 805, 810–11 (Fed.Cir.1990).

The district court concluded that this case is exceptional because Phonometrics continued to litigate the case even after it knew that it could not prevail on the merits. This finding is not clearly erroneous. Since we issued the *Northern Telecom* opinion clarifying the construction of certain claim terms of the '463 patent, Phonometrics has been unable to articulate any plausible basis for how the Choice Hotels accused systems meet the claim limitation of a "call cost register means, including a digital display, for providing a substantially instantaneous display of cumulative call cost in dollars and cents." *See* '463 Patent, col. 8, ll. 41–43. Phonometrics took no affirmative steps to end this litigation and instead proceeded to oppose a motion for summary judgment of noninfringement. Its arguments in opposition to summary judgment, both before the district court and on appeal before this court, attempted to reargue claim construction in spite of our precedential holding in *Northern Telecom*. We found Phonometrics' arguments to be "simply baffling" and affirmed the district court's summary judgment of noninfringement. *Phonometrics, Inc. v. Choice Hotels Int'l, Inc.*, 21 Fed.Appx. 910, 2001 U.S.App. LEXIS 23565 (Fed.Cir. 2001). In light of these facts, the district court's determination that this case is exceptional is not clearly erroneous. We therefore affirm the district court's ruling that this case is an exceptional one under § 285.

We disagree, however, that Choice Hotels is entitled to the amount of fees awarded by the district court. A portion of the fees incurred by Choice Hotels since January 15, 1998, involved an appeal to this court which Phonometrics won. Specifically, in appeal no. 99–1141 Phonometrics successfully appealed the dismissal of

its complaint on procedural grounds, leading us to remand the case back to the district court on April 12, 2000. Choice Hotels has provided us with no legal authority for why it should receive attorney fees related to this appeal when Phonometrics was the prevailing party or how the district court had the authority to award fees related to proceedings before this court. We therefore conclude that the district court erred by awarding attorney fees incurred with respect to appeal no. 99–1141. For this reason, we vacate the award of attorney fees to Choice Hotels and remand this case for a recalculation of fees to exclude those fees incurred in connection with appeal no. 99–1141.

However the district court chooses to recalculate these fees, we wish to make a few observations to guide its decision. First, we note that Choice Hotels may have incurred reasonable attorney fees during the pendency of appeal 99–1141 for issues not related to the appeal. To the extent the district court awarded Choice Hotels any such fees, Choice Hotels is still entitled to receive them. We also note that Choice Hotels may have incurred fees prior to January 15, 1998, related to the preparation of its successful renewed motion for summary judgment filed on April 10, 2000. However, because we agree with the district court's decision not to award fees incurred prior to the date of our *Northern Telecom* opinion, the district court should continue to base its award on only those fees incurred after January 15, 1998. Finally, we note that Phonometrics made only limited objections before the district court regarding the particular fees requested by Choice Hotels. Phonometrics is precluded from using the remand as an opportunity to argue issues or make objections for the first time that could have been raised before. Both parties should limit their arguments on remand to the particular issue of how much the fee award should be reduced in order to exclude the fees incurred by Choice Hotels related to appeal 99–1141.

## CONCLUSION

For the foregoing reasons, we affirm the district court's decision to award fees under 35 U.S.C. § 285; however, we vacate the award for the reasons discussed in this opinion and remand for the district court to exclude those fees incurred by Choice Hotels in connection with appeal no. 99–1141.