**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2093**

BRIDGET R. WRIGHT,

                Plaintiff - Appellant,

        v.

SOUTHWEST AIRLINES; COLLEEN BARRETT, President and Chief
Operating Officer; MIKE MILLER; WEDA ISMALI; ADRIENNE JONES,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:06-cv-03020-CCB)

Submitted:  February 25, 2009       Decided:  March 23, 2009

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bridget R. Wright, Appellant Pro Se.   Connie Nora Bertram,
WINSTON & STRAWN, LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bridget R. Wright, a former Customer Service Supervisor for Southwest Airlines Co., brought suit against Southwest Airlines and several of its managers and executives (collectively, "Southwest"), asserting claims of wrongful discharge in violation of public policy and the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 (2006) ("FMLA"). Wright alleged that she was terminated for protesting Southwest's inclement weather attendance policy and in retaliation for requesting leave under the FMLA. Wright appeals the district court's grant of Southwest's motion for summary judgment. We affirm.

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In her complaint, Wright alleges that her termination "violated her right to avail herself of her protected medical leave rights under the FMLA." Under the FMLA, an employee is entitled to a total of twelve workweeks' leave during any twelve-month period because of a serious health condition that

makes the employee unable to perform her job. 29 U.S.C. § 2612(a)(1)(D) (2006). It is unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1) (2006). The FMLA also prohibits an employer from discriminating against an employee for asserting rights under the Act. See 29 U.S.C. § 2615(a)(2) (2006). Thus, an employer may not consider an employee's use of FMLA leave as a negative factor when making an employment decision affecting the employee. An employer who violates the FMLA is liable to the affected employee for lost compensation and benefits and appropriate equitable relief. See 29 U.S.C. § 2617(a)(1) (2006).

On appeal,[1] Wright argues that the district court erred in determining that her supervisors were unaware of her FMLA request when they decided to terminate her employment. In order to establish a prima facie case of retaliation, Wright must prove three elements: (1) she "engaged in protected activity;" (2) "an adverse employment action was taken against her;" and

---

[1] Though Wright raised an additional claim of wrongful discharge in violation of public policy in her complaint, she has failed to address this issue in her informal brief on appeal. Accordingly, this claim has been abandoned. See 4th Cir. R. 34(b); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

3

(3) "there was a causal link between the protected activity and the adverse employment action." Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004). Once she establishes the elements of a prima facie case, the burden shifts to Southwest to proffer evidence of a legitimate, non-discriminatory reason for the adverse employment action. Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 270-71 (4th Cir. 2001). If Southwest carries its burden, Wright must then have an opportunity to prove by a preponderance of the evidence that the proffered reasons were pretextual. Id. at 271.

It is undisputed that Wright engaged in a protected activity and adverse employment action was taken against her — she requested extended leave under the FMLA and her employment was terminated. However, in order to establish a prima facie case of retaliation, Wright must demonstrate there was a causal connection between her FMLA request and her termination. To do so, Wright must prove that she was terminated "*because* [she] engaged in protected activity." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). "Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case." See id.

Our review of the record reveals that Wright failed to proffer in the district court any facts suggesting that her supervisors were aware of her FMLA request. In her informal brief on appeal, Wright argues that Southwest Airlines Co. was aware of her FMLA request. Although it appears accurate that certain airline officials were aware of Wright's FMLA request, she utterly fails to demonstrate that the particular supervisors involved in her termination possessed such knowledge. On the record before us,[2] the undisputed affidavits of Wright's supervisors attest that they were unaware of Wright's FMLA request, and the affidavit of the FMLA Coordinator for Southwest attests that she did not inform Wright's supervisors of the request. As Wright failed to allege facts sufficient to prove that the supervisors responsible for her termination had knowledge of her FMLA request, she was unable to establish a prima facie retaliation claim, and the district court did not err in granting summary judgment on this issue.

---

[2] Wright attempts to introduce evidence for the first time on appeal purporting to support her claims. However, this court does not consider evidence that was not before the district court. See Phonometrics, Inc. v. Westin Hotel Co., 319 F.3d 1328, 1333 (Fed. Cir. 2003) ("We, as a court of review, generally do not consider evidence that has not been considered by the district court."); Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal.").

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>