**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4360**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOSE LUIZ SANTILLAN VIDAL, a/k/a Jose Gusman, a/k/a Jose Lopez, a/k/a
Miguel Cruz, a/k/a Jose Luis Santellan, a/k/a Rodolfo Coronado, a/k/a Jose Lopez
Guzman,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at
Statesville.  Frank D. Whitney, District Judge.  (5:17-cr-00066-FDW-DSC-1)

Submitted: May 8, 2020                                    Decided:  June 9, 2020

Before FLOYD, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Megan C. Hoffman, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  R. Andrew
Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luiz Santillan Vidal pled guilty to illegally reentering the country as a deported alien subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2018). The district court imposed a within-Sentencing-Guidelines sentence of 110 months' imprisonment. On appeal, Vidal contends that the Sentencing Commission violated its statutory mandate to avoid unwarranted sentencing disparities when it promulgated Amendment 802 in 2016, revising U.S. Sentencing Guidelines Manual § 2L1.2 (2016). He also argues that his sentence is procedurally and substantively unreasonable. We affirm.

Vidal first contends that the Sentencing Commission violated its statutory mandate when it amended USSG § 2L1.2. Vidal argues that the changes to USSG § 2L1.2 made by Amendment 802 created unwarranted sentencing disparities between defendants like Vidal, sentenced after the amendment went into effect, and defendants sentenced under earlier versions of USSG § 2L1.2. He contends that the Sentencing Commission has therefore violated its statutory mandate because several statutes require the Commission to "avoid unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(6) (2018); *see* 28 U.S.C. §§ 991(b)(1)(B), 994(f) (2018).

"The Sentencing Commission brings expertise to the implementation of its mandate" and we will "defer to its interpretation as long as it is sufficiently reasonable in light of the congressional directive." *United States v. Kennedy*, 32 F.3d 876, 889 (4th Cir. 1994) (internal quotation marks omitted). Congress has directed the Sentencing Commission to "review and amend Guidelines as necessary." *Rita v. United States*, 551

U.S. 338, 350 (2007); *see* 18 U.S.C. § 994(o) (2018). We conclude that, on the record before us, Amendment 802 properly "embod[ies] the [18 U.S.C.] § 3553(a) [(2018)] considerations" and reject Vidal's invitation to determine whether the new Guideline creates unwarranted sentencing disparities without considering whether it satisfies additional § 3553(a) considerations. *Rita*, 551 U.S. at 350. Because the Sentencing Commission reasonably interpreted its Congressional mandate in promulgating the amendment, we find no error.

Next, Vidal argues that his sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, applying "a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Vidal first argues that his sentence is procedurally unreasonable because the district court failed to consider his argument regarding unwarranted sentencing disparities. He

contends that USSG § 2L1.2 is flawed, as it creates unwarranted sentencing disparities between pre-amendment and post-amendment defendants, and sentencing courts may appropriately vary from it to satisfy § 3553(a)(6). "Although a sentencing court may . . . consider policy decisions underlying the Guidelines . . . it is under no obligation to do so." *United States v. Rivera-Santana*, 668 F.3d 95, 101 (4th Cir. 2012). And appellate courts "will not second-guess their decisions" should they choose not to do so. *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009); *see Gall*, 552 U.S. at 51 (appellate court's conclusion that different sentence might be appropriate is insufficient to reverse district court's judgment).

We conclude that Vidal's sentence is procedurally reasonable. The district court was entitled to rely on Vidal's Guidelines range, as the Sentencing Commission did not violate its statutory mandate when it amended USSG § 2L1.2. "Even if [Vidal's] sentence is more severe than average, that fact does not mean that it was unwarranted" and "we are unwilling to isolate a possible sentencing disparity to the exclusion of all the other § 3553(a) factors." *Rivera-Santana*, 668 F.3d at 106 (internal quotation marks omitted). Our review of the sentencing hearing transcript confirms that the district court properly considered Vidal's sentencing disparities argument and fairly concluded, based on the evidence Vidal presented, that a downward variance was not warranted.

Vidal's sentence—which is within the properly-calculated Guidelines range—is presumptively substantively reasonable. *See Louthian*, 756 F.3d at 306. Vidal has not rebutted this presumption on appeal. Vidal repeats his procedural reasonableness challenge, relying on his Amendment 802 and sentencing disparities challenges to

4

demonstrate that his sentence is substantively unreasonable. The district court reasonably determined that a within-Guidelines-range sentence was proper in light of the nature of the offense, Vidal's extensive criminal history, and his characteristics, including his cultural assimilation. In the absence of any additional claim that could arguably rebut the presumption of reasonableness this court affords Vidal's sentence, we conclude that his 110-month sentence is substantively reasonable.

Finally, we deny Vidal's motion for leave to file a supplemental appendix containing a new analysis of Sentencing Commission data. This evidence should have been presented to the district court in the first instance. *See Phonometrics, Inc. v. Westin Hotel Co.*, 319 F.3d 1328, 1333 (Fed. Cir. 2003) ("We, as a court of review, generally do not consider evidence that has not been considered by the district court."). As a result, to the extent Vidal seeks to present new evidence on appeal, we decline to consider it.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*