**PHONOMETRICS, INC.,
Plaintiff–Appellant,**

v.

**ITT SHERATON CORP.,
Defendant–Appellee.**

No. 02–1417.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 29, 2003.

Rehearing and Rehearing En Banc
Denied, June 12, 2003.

Before MICHEL, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Phonometrics, Inc. appeals from the order of the United States District Court for

the Southern District of Florida granting-in-part and denying-in-part ITT Sheraton Corporation's ("Sheraton's") motion for attorney fees pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285. We have jurisdiction to consider this appeal under 28 U.S.C. § 1295(a)(1). Because the district court made certain errors in its award, we *affirm-in-part* and *vacate-in-part* the district court's order and *remand* this case for further proceedings consistent with this opinion.

The district court found that the maintenance of this lawsuit after January 15, 1998–the date we issued our opinion in *Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 45 USPQ2d 1421 (Fed. Cir.1998)–to be vexatious, unjustified and undertaken in bad faith. According to the district court, it was clear after we issued the claim construction in *Northern Telecom* that Sheraton did not infringe U.S. Patent No. 3,769,463 ("the '463 patent"). Thus, the district court concluded that

> Plaintiff's continued maintenance of this case after *Northern Telecom* has resulted in unjustified multiplication of proceedings. This unjustified, vexatious and bad faith maintenance of the lawsuit is deserving of an award of fees and costs pursuant to both 28 U.S.C. § 1927 and 35 U.S.C. § 285. Accordingly, this Court grants Defendant attorneys' fees and costs incurred after January 15, 1998, the date that the Federal Circuit issued its opinion in *Northern Telecom.* Both Plaintiff and Plaintiff's counsel are responsible for these fees and costs.

*Phonometrics, Inc. v. ITT Sheraton Corp.*, No. 94–6502–CIV–RYSKAMP, slip op. at 8 (S.D.Fla. Mar. 22, 2002). The court subsequently awarded Sheraton attorney fees in the amount of $65,466.17 and costs in the amount of $8,081.42, holding Phonometrics and its counsel jointly and severally liable to Sheraton for these amounts. *Phonome-*

*trics, Inc. v. ITT Sheraton Corp.*, No. 94–6502–CIV–RYSKAMP, slip op. at 7 (S.D.Fla. May 6, 2002).

## I

█ Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

> The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is a two-step process. First, the district court must determine whether a case is exceptional, a factual determination reviewed for clear error. After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion. A district court abuses its discretion when its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful.

*Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460, 46 USPQ2d 1169, 1178 (Fed. Cir.1998) (en banc) (citations omitted). "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034, 61 USPQ2d 1470, 1479 (Fed.Cir.2002) (citing *Hoffmann–La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365, 54 USPQ2d 1846, 1850 (Fed.Cir. 2000)). "Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional." *Epcon Gas*, 279 F.3d at 1034, 61 USPQ2d at 1479 (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574, 38 USPQ2d

1551, 1557–58 (Fed.Cir.1996)). When "the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys., Corp. v. PPG Indus.,* 903 F.2d 805, 811, 14 USPQ2d 1965, 1970 (Fed.Cir.1990).

The district court concluded that this case is exceptional because Phonometrics continued to litigate the case even after it knew that it could not prevail on the merits. This finding is not clearly erroneous. Since we issued the *Northern Telecom* opinion clarifying the construction of certain claim terms of the '463 patent, Phonometrics has been unable to articulate any plausible basis for how the Sheraton accused systems meet the claim limitation of a "call cost register means, including a digital display, for providing a substantially instantaneous display of cumulative call cost in dollars and cents." *See* '463 Patent, col. 8, ll. 41–43. Phonometrics took no affirmative steps to end this litigation and instead proceeded to oppose a motion for summary judgment of noninfringement. Its arguments in opposition to summary judgment, both before the district court and on appeal before this court, attempted to reargue claim construction in spite of our precedential holding in *Northern Telecom,* and in spite of our explicit warning in *Phonometrics, Inc. v. Choice Hotels International, Inc.,* 21 Fed.Appx. 910 (Fed.Cir. 2001) not to relitigate issues of claim construction that had been previously decided. In light of these facts, the district court's determination that this case is exceptional is not clearly erroneous. We therefore affirm the district court's ruling that this case is an exceptional one under § 285.

## II

■ Section 1927 addresses "[c]ounsel's liability for excessive costs." According to this statute:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (2000). In reviewing a district court's award of attorney fees under § 1927, we apply the law of the regional circuit, in this case the Eleventh Circuit. *See Baldwin Hardware Corp. v. Franksu Enter. Corp.,* 78 F.3d 550, 560–61 (Fed.Cir. 1996). The Eleventh Circuit reviews an award of attorney fees under § 1927 for an abuse of discretion. *Id.* at 561.

For the same reasons that we affirmed the district court's finding that this case is exceptional, we affirm the district court's determination that the proceedings in this case have been unduly multiplied, at least to some extent, by the maintenance of this lawsuit after January 15, 1998. By awarding fees under § 1927, the district court has attributed some responsibility for the maintenance of this lawsuit directly to counsel for Phonometrics and we do not disagree with that determination. The district court has not, however, specified which costs and fees are *"excess* costs, expenses and attorneys' fees reasonably incurred because of" conduct *by counsel* for Phonometrics that unreasonably and vexatiously multiplied the proceedings, as specified by § 1927. We therefore vacate the award of fees and costs under § 1927 and remand to the district court to calculate and specify the amount of excess fees and costs resulting from any conduct by counsel for Phonometrics that unreasonably and vexatiously multiplied the proceedings in this case.

In addition, we vacate the district court's holding of joint and several liability by Phonometrics and its counsel for the aggregate award of fees and costs. Section 285 is a fee shifting statute that in exceptional cases may require the losing party to reimburse the prevailing party its attorney fees. Sheraton has provided us with no legal basis for entering a fee award against the losing party's attorney under § 285. Section 1927, on the other hand, is limited to an award of fees against an attorney. Sheraton has provided us with no legal basis for holding the attorney's client liable for fees under § 1927. Thus, Phonometrics is not liable for fees awarded under § 1927; it can only be liable for fees awarded under § 285. Counsel for Phonometrics is not liable for fees awarded under § 285; it can only be liable for excess fees awarded under § 1927.

## III

Phonometrics argues that the district court erred by awarding fees prior to April 14, 2000, the date we vacated a previous award of attorney fees in appeal no. 00–1020. We reject this argument. Our decision to vacate the prior award of attorney fees was based on the fact that, at that time, Sheraton was not a prevailing party. We made no determination that Sheraton was forever precluded from receiving attorney fees.

Phonometrics also argues that Sheraton is not entitled to receive attorney fees incurred in connection with prior appeals to this court. In appeal no. 99–1130, Phonometrics successfully appealed the dismissal of its complaint on procedural grounds, leading us to remand the case back to the district court on April 12, 2000. Likewise, in appeal no. 00–1020, Phonometrics obtained a favorable outcome because we vacated the award of attorney fees against it. Sheraton has provided us with

no legal authority for why it should receive attorney fees related to these appeals when Phonometrics was the prevailing party or how the district court had the authority to award fees related to proceedings before this court. We therefore conclude that the district court erred to the extent it awarded attorney fees incurred with respect to appeal nos. 99–1130 and 00–1020. For this reason, we vacate the award of attorney fees to Sheraton and remand for a recalculation of fees to exclude those fees incurred in connection with appeal nos. 99–1130 and 00–1020.

However the district court chooses to recalculate these fees, we wish to make a few observations to guide its decision. First, we note that Sheraton may have incurred reasonable attorney fees during the pendency of appeal nos. 99–1130 and 00–1020 for issues not related to these appeals. To the extent the district court awarded Sheraton any such fees, Sheraton is still entitled to receive them. We also note that Sheraton may have incurred fees prior to January 15, 1998, related to the preparation of its successful motion for summary judgment filed on December 8, 2000. However, because we agree with the district court's decision not to award fees incurred prior to the date of our *Northern Telecom* opinion, the district court should continue to base its award on only those fees incurred after January 15, 1998. Finally, we note that Phonometrics made only limited objections before the district court regarding the particular fees requested by Sheraton. Phonometrics is precluded from using the remand as an opportunity to argue issues or make objections for the first time that could have been raised before. Both parties should limit their arguments on remand to the particular issues stated in this opinion.

## CONCLUSION

For the foregoing reasons, we affirm the district court's decision to award fees and

costs under 35 U.S.C. § 285 and 28 U.S.C. § 1927; however, we vacate the award for the reasons discussed in this opinion and remand for the district court to exclude those fees incurred by Sheraton in connection with appeal nos. 99–1030 and 00–1020, to specify the amount of excess fees attributable to the conduct of counsel for Phonometrics, and to specify the appropriate separate liability of Phonometrics and of its counsel.