Opinion for the court filed by Circuit Judge MICHEL. Dissenting opinion filed by Circuit Judge NEWMAN.
MICHEL, Circuit Judge.
Phonometrics, Inc. appeals from the order of the United States District Court for the Southern District of Florida granting-in-part and denying-in-part the motion of Westin Hotel Co. for attorney fees and costs. Phonometrics, Inc. v. Westin Hotel Co., No. 94-6504-CIV-RYSKAMP (S.D.Fla. May 6, 2002) (“May 6 Order”). Because the district court made an error in determining the amount of attorney fees to award, we affirm-in-part and vacate-in-part the district court’s order and remand this case for a re-determination of the amount of fees awarded consistent with this opinion.
BACKGROUND
Westin is one of a number of hotel companies sued in the mid-1990s by Phonome-trics. In the actions, each brought in the Southern District of Florida, Phonometrics accused the hotel defendants of infringing U.S. Patent No. 3,769,468 (“the '463 patent”), issued on October 30, 1973 to Philip G. Graham and Lawrence Reich. The '463 patent relates to an “Electronic Long Distance Telephone Call Computer and Recorder.” Phonometrics contends that the defendants’ use of internal telephone equipment to calculate, display, and record the cost of long distance telephone calls originating in their hotels infringes the '463 patent.
Before it brought its actions against the hotel defendants, Phonometrics had charged various manufacturers and sellers of telephone equipment with infringement of the '463 patent, including Intellicall, Inc. and Northern Telecom Inc. See, e.g., Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384 (Fed.Cir.1992); Phonometrics, Inc. v. Northern Telecom, Inc., 133 F.3d 1459 (Fed.Cir.1998). The claim limitation at issue in Intellicall, Northern Telecom, and in many, if not all, of the hotel cases is the “call cost register means, including a digital display, for providing a substantially instantaneous display of cumulative call cost in dollars and cents.” [1] In Intellicall, *1192 we affirmed a grant of summary judgment of noninfringement of the '463 patent, holding that the term “digital display” does not include machine-readable devices. Intellicall, 952 F.2d at 1388. Then, in Northern Telecom, we affirmed a summary judgment of noninfringement based on a construction of the “substantially instantaneous” limitation as requiring that the call cost register means provide the caller with “accurate cost information while the call progresses as well as total cost information once the call has ended.” Northern Telecom, 133 F.3d at 1467.
Shortly after we issued our opinion in Northern Telecom, we affirmed a grant of summary judgment of noninfringement to a telephone switching system manufacturer, in part on the ground that the manufacturer “introduced evidence that the accused peripheral systems did not and could not provide cost information about calls while the calls were in progress.” Phonometrics, Inc. v. Siemens Info. Sys., Inc., 135 F.3d 777, 1998 WL 30488, at *3 (Fed. Cir.1998) (Table). We similarly affirmed a grant of summary judgment of nonin-fringement to a switching equipment seller because the equipment was “unable to calculate call cost until after the call ends.” Phonometrics, Inc. v. Tadiran Elec. Indus., Inc., 135 F.3d 777, 1998 WL 33855, at *1 (Fed.Cir.1998) (Table). To this extent, we based both decisions on the claim construction stated in Northern Telecom. Siemens, 1998 WL 30488, at *2; Tadiran, 1998 WL 33855, at *1.
We had our first opportunity to review a decision on the merits of a Phonometrics infringement claim against a hotel defendant in Phonometrics, Inc. v. Choice Hotels International, Inc., 21 Fed.Appx. 910 (Fed.Cir.2001) (“Choice I”). There, we affirmed the district court’s grant of summary judgment of noninfringement based on the claim construction stated in Northern Telecom and the fact that “no evidence showed that Choice Hotels’ accused device ... provided cost information during a call....” Id. at 911 (emphasis in original). Rejecting as “baffling” Phonometrics’ contention that our earlier construction of the “substantially instantaneous” limitation was “pure dictum,” we noted that “[ujnder principles of stare decisis, ... future panels like the present panel will follow the claim construction set forth by our court in” Intellicall and Northern Telecom, and specifically cautioned Phonometrics against further litigation of that issue in this court. Id. at 911-12 (“[W]e would not welcome further appeals seeking to re-litigate the meaning of that phrase. Indeed, further appeal on that issue would appear to be subject to possible sanctions as frivolously filed under Fed. R.App. P. *1193 38.”).[2] John P. Sutton, counsel for Phono-metrics in the present action, also represented Phonometries in each of Northern Telecom, Siemens, Tadiran, and Choice I.
Choice I issued on October 9, 2001. Thereafter, the district court asked Phono-metrics whether it intended to continue to pursue its claims. When Phonometries responded in the affirmative, the district court lifted the stay it had imposed on all Phonometries cases pending the outcome of Choice I to entertain motions for summary judgment. Ultimately, it granted Westin’s motion for summary judgment of noninfringement. We recently affirmed. Phonometries, Inc. v. Westin Hotel Co., 319 F.3d 1328, 1334 (Fed.Cir.2003).
After the district court entered judgment in favor of Westin, Westin requested attorney fees and costs pursuant to both 35 U.S.C. § 285 and 28 U.S.C. § 1927. The district court found that Phonome-trics’ continued maintenance of this action after January 15, 1998 — the date we issued our opinion in Northern Telecom — was vexatious, supported an “inference of bad faith” and “resulted in unjustified multiplication of proceedings.” May 6 Order, slip op. at 8. According to the district court, the claim construction we stated in Northern Telecom made clear that Westin infringed onty if its hotels provided real-time visual displays of the costs of guest calls to the caller during the call. Id. Noting that Phonometries never even accused Westin of violating the '463 patent as construed in Northern Telecom, the district court imposed liability for all attorney fees and costs incurred by Westin after January 15, 1998 on Phonometries pursuant to 35 U.S.C. § 285 and on Phonometries’ counsel pursuant to 28 U.S.C. § 1927. Id. at 8-9. Bills were then submitted. The court subsequently awarded Westin fees and costs in the amount of $24,807.52. Phonometrics, Inc. v. Westin Hotel Co., No. 94-6504-CIV-RYSKAMP (S.D.Fla. May 31, 2002).
DISCUSSION
I.
“The court in exceptional cases may award reasonable attorney fees to the prevailing party.” 35 U.S.C. § 285.
The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under 285 is a two-step process. First, the district court must determine whether a case is exceptional, a factual determination reviewed for clear error. After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate, a determination that we review for an abuse of discretion. A district court abuses its discretion when its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful.
Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1460 (Fed.Cir.1998) (en banc) (cita *1194 tions omitted). “The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.” Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed.Cir.2002). When “the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence.” Eltech Sys., Corp. v. PPG Indus., 903 F.2d 805, 811 (Fed.Cir. 1990).
Pursuant to 28 U.S.C. § 1927, “[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.” We apply Eleventh Circuit law when reviewing a district court’s 'award of fees and costs under § 1927. Baldwin Hardware Corp. v. Franksu Enter. Corp., 78 F.3d 550, 560-61 (Fed.Cir.1996). The Eleventh Circuit reviews such awards for an abuse of discretion. Id. at 561.
II.
We find no clear error in the district court’s finding of exceptionality under 35 U.S.C. § 285, and no clear error in its determination that the continued prosecution of this action after January 15, 1998 was “unjustified, vexatious and [in] bad faith” or abuse of discretion in its determination that the sanction of attorney fees and costs was warranted.
A.
Two fundamental premises underlie the district court’s finding of exceptionality and determination that the “unjustified, vexatious and bad faith maintenance of the lawsuit is deserving of an award ... pursuant to both 28 U.S.C. § 1927 and 35 U'.S.C. § 285” (May 6 Order, slip op. at 8):(1) our decision in Northern Telecom established, as a matter of law, that “infringement of the '463 patent could only be possible if [Westin’s] hotels provided real-time visual displays showing the costs of the call to the caller during the call” and (2) Phonometrics “never once accused [Westin] of violating the '463 patent as it was defined” in Northern Telecom. Id. Nonetheless, Phonometrics continued to press[1] its infringement action “knowing that its claim could not meet the [Northern Telecom] standard for infringement....” Id. Phonometrics has identified no clear error in the district court’s underlying or ultimate factual findings and has failed to show that the district court erroneously interpreted the law or acted in a “clearly unreasonable, arbitrary or fanciful” manner. Cybor Corp., 138 F.3d at 1460.[3]
First, the district court did not err in interpreting or applying Northern Telecom. That decision established precisely what the district court said it did, and indisputably governs all infringement determinations against all defendants as to claim 1 of the '463 patent. Newell Cos., Inc. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed.Cir.1988) (“This court has adopted *1195 the rale that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc.”).[4].
Second, the finding that Phonometrics never even articulated a viable infringement theory as to Westin is not clearly erroneous. Nor has it done so here. On appeal, Phonometrics alludes to “[a] display of cost in the room, in combination with a PBX,[5] a call accounting package and a property management computer.” This “theory,” as best we can understand it, depends on regarding the printed paper notices Westin places in guest rooms to advise guests of fixed per-call local call charges as meeting the “digital display” limitation of claim 1. However, even the most generous possible interpretation of this theory does not yield a viable infringement position because Phonometrics does not (and cannot) allege that the paper notices are part of the “call cost register means” as required by the claim. And to the extent Phonometrics’ theory rests on the management computer’s monitor, there is no display visible during the call to the caller, since the caller is in a guest room, not the business office.
In view of the foregoing, we can discern no clear error in the district court’s finding that Phonometrics “continued to litigate this case knowing that its claim could not meet the standard for infringement of the '463 patent articulated” in Northern Tele- *1196 com. May 6 Order, slip op. at 8. Nor could we conclude that it abused its discretion in deciding to award sanctions, especially in light of all of the facts and circumstances relating to Phonometrics’ efforts to enforce the '463 patent, as discussed below. We therefore affirm the district court’s decision to award fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.[6]
B.
Phonometrics argues that on this record the requisite subjective bad faith of counsel under section 1927 cannot properly be found. In the Eleventh Circuit, “ ‘bad faith’ is the touchstone” for section 1927 violations. Schwartz ¶. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir.2003). However, “[a] determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim.... ” Id. The district court found that “[f]rom the moment the Federal Circuit issued its opinion in Northern Telecom, [Phonometrics] was on notice that the Federal Circuit's interpretation of the '463 patent requires a real-time visual display which tracks the cost of a long distance call while the call is in progress,” and that Phonometrics “never once accused [Westin] of violating the '463 patent as it was defined by the Federal Circuit.” May 6 Order, slip op. at 8. The court further found that Phonometrics “attempted to slide around” the Northern Telecom claim interpretation, and that after Northern Telecom, “the litigation of this case no longer remained within the normal bounds.”[7] Id. It concluded that Phonometrics “continued to litigate this case knowing that its claim could not meet the standard for infringement” (id.) and correctly determined that Phonometrics therefore had violated section 1927. See Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir.1991) (affirming an award of fees and costs pursuant to 28 U.S.C. § 1927, noting “[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest”).
C.
Phonometrics further argues that our decision in Phonometrics, Inc. v. ITT Sheraton Corp., 232 F.3d 914, 2000 WL 576492 (Fed.Cir.2000) (Table) (“Sheraton II ”), to vacate the award of attorney fees previously granted (in this and others of Phonometrics’ actions against hotel defendants) pursuant to 35 U.S.C. § 285 precludes the affirmance of the present award. Our vacatur, however, was not based on a conclusion that Phonometrics’ infringement claim had arguable merit. Rather, it was based on our reversal (in *1197 Phonometrics, Inc. v. ITT Sheraton Corp., 2000 WL 286624, at *1 (Fed.Cir.2000) (“Sheraton I ”)) of the underlying dismissal of Phonometrics’ claim because the district court had improperly required specific fact pleading. See Sheraton II, 2000 WL 576492, at *1.[8] Indeed, we subsequently affirmed the district court’s grant of summary judgment in Westin’s favor precisely because Phonometrics’ action was not viable in the face of the claim construction in our decision in Northern Telecom. Westin Hotel, 319 F.3d at 1332-33 (affirming the district court’s rejection of Phono-metrics’ argument that the printed paper notices (stating the fixed per-call cost of local calls) Westin placed in its hotel rooms met the “digital display” limitation on the ground that “such notices ‘are not even alleged to be part of the call cost register means, the apparatus of which the display must be part for infringement’ ” (quoting Phonometrics, Inc. v. Westin Hotel Co., No. 94-6504-CV, slip op. at 8 (S.D.Fla. Feb. 26, 2002))). And, as noted above, in Sheraton III we upheld an award of fees and costs against Phonometrics and its counsel. Sheraton III, 2003 WL 2008125, at *2.[9] Accordingly, Phonometrics’ reliance on our decision in Sheraton II is misplaced.
D.
Finally, it is appropriate to consider the propriety of the district court’s decision in light of the fact that each of the above-described actions, with the exception of Intellicall’s action for declaratory judgment against Phonometrics (finalized in 1992), was filed in the same court and assigned to the same judge, and that Mr. Sutton served as counsel for Phonometrics in each of Phonometrics’ appeals (other than that in Intellicall) to this court. The district court and Mr. Sutton are both very familiar with the history of Phonometrics’ attempts to enforce the '463 patent. At least since Northern Telecom, each decision on the merits of Phonometrics’ infringement claims in each action, whether involving a hotel defendant or not, consistently applied and was resolved by the Northern Telecom claim construction. Each such decision conveyed the same message: in the absence of evidence that the accused product “(1) ... provides the caller with real time, accurate information about the cost of the call via [visual] digital display as the long distance charges accrue *1198 during the call; and (2) ... reflects the total cost of the call via the same digital display after the call has been terminated,” there is no infringement of claim 1 of the '463 patent. Northern Telecom, 133 F.3d at 1465 (emphasis in original). And each presented Phonometrics and its counsel not merely the opportunity, but the obligation, to reconsider the viability of Pho-nometrics’ claims in light of the evidence, and to refrain from further prosecution. Phonometrics never chose the latter course, even when that opportunity was specifically presented (after our opinion issued in Choice I) by (1) the district court’s inquiry as to Phonometrics’ intention to continue its lawsuit and (2) the opportunity to oppose (or not) Westin’s motion for summary judgment. Thus although the date the district court designated as the start of accrual for the fees and costs awarded here (the day after we issued Northern Telecom) preceded the issuance of Siemens, Tadiran, and Choice I, we cannot regard as an abuse of discretion or as based on clear error the district court’s decision, made with the benefit of the history of all of Phonometrics’ efforts to enforce the '463 patent, to award fees and costs back to the date of Northern Telecom against a party and its counsel who had the same benefit.[10] And that the defendant in Northern Telecom was not a hotel company and sold different products than those accused here is irrelevant, because the district court’s decision to sanction was based on the admitted failure[11] of the accused products to satisfy the requirements of the undeniably controlling authority — the Northern Telecom claim construction.
II.
A portion of the fees incurred by Westin since January 15, 1998, however, involved the appeals in Sheraton I (appeal no. 99-1130) and Sheraton II (appeal no. 00-1021), both of which Phonometrics won, as described above. We therefore conclude that the district court erred in awarding attorney fees incurred in connection with these appeals, and remand for a recalculation to exclude those fees from the award.
CONCLUSION
We affirm the district court’s decision to award fees and costs under 35 U.S.C. § 285 and 28 U.S.C. § 1927. However, we vacate the award for the reasons stated *1199 above and remand for the district court to exclude those fees incurred by Westin in connection with appeal nos. 99-1130 and 00-1021.

AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED.

COSTS
No costs.

. Claim 1 of the '463 patent, the only independent claim, reads as follows:
An electronic solid state long-distance telephone call cost computer apparatus for computing and recording the cost of each long-distance telephone call initiated from a given calling telephone, actuated by the lifting and replacement of the calling telephone to operate switch means coupled to the calling telephone, and further actuated by a call-completion signal generated in the telephone system when a called party answers at a called telephone, the computer apparatus comprising:
call timing means for timing the duration of each completed call;
settable charge selector means for storing initial fixed charge data for a given predetermined initial call interval and incremental charge data for subsequent additional predetermined incremental call intervals;
call cost register means, including a digital display, for providing a substantially instantaneous display of cumulative call cost in dollars and cents; and
computer circuit means, coupled to said switch, to said timing means, to said charge selector means, and to said call cost register means, for automatically recording, in the call cost register means, the cost of each long-distance call made from the calling telephone, said computer circuit means comprising:
reset means for resetting said timing means and said call cost register means *1192 immediately upon occurrence of said call-completion signal;
initial cost transfer means initiating operation of said call timing means and for applying the complete initial fixed charge data from said charge selector means to said call cost register means substantially instantaneously upon resetting of said call timing means and said call cost register;
incremental cost transfer means for applying the complete incremental charge data from said charge selector means to said call cost register means substantially instantaneously upon completion of timing out the initial call interval by said call timing means and for again applying the complete incremental charge data from said charge selector means, to said call cost register means substantially instantaneously upon completion of timing out of each incremental call interval following said initial call interval;
and termination means for interrupting operation of said computer apparatus, with the cumulative call cost held in and displayed by said call cost register means, upon operation of said switch by replacement of the calling telephone.
'463 patent, col. 8, II. 24-68, col. 9, II. 1-8 (emphasis added).

. Although not legally relevant to the issue here, we note that Phonometries’ earlier appeal to this court of the grant of summary judgment of noninfringement in Westin’s favor in the face of this warning resulted in our own imposition of sanctions against Phono-metrics and its counsel. See Phonometries, Inc. v. Westin Hotel Co., 319 F.3d 1328, 1333-34 (Fed.Cir.2003) ("True to our warning and pursuant to Federal Rule of Appellate Procedure 38, we therefore sanction Phonometries and order payment of $3000.00 to Westin Hotels, who has had to respond to arguments that defy any reasonable reading of the relevant cases. Because we know not where the blame for Phonometries' litigation tactics lies, we direct the sanction to Phonometries and its attorney, Mr. Sutton, jointly and severally.”).

. The Eleventh Circuit articulation of the abuse-of-discretion standard is slightly different. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir.2002) ("A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.” (quoting Chicago Tribune Co. v. Bridgestone/Firestone Inc., 263 F.3d 1304, 1309 (11th Cir.2001))). However, the essential concept is the same.

. As did the district court, we rest our decision on the claim construction stated in Northern Telecom, which, as noted above, construed aspects of the "cost call register means” limitation not at issue in Intellicall. Accordingly, we discuss Intellicall only in response to Phonometrics' argument that the claim construction stated in Northern Telecom is inconsistent with that articulated in Intelli-call. As noted above, the issue in Intellicall was whether the term "digital display” could include machine-readable devices. Intelli-call, 952 F.2d at 1388. We noted there the limited scope of our decision:
In some instances, the district court stated that the display was "to the caller.” Appellant asserts that the court thereby added a limitation to the claim. If this was an error, and we are not persuaded that the court intended to so restrict the claim when the restriction was not necessary to its discussion, the error would be harmless. The claim does not, in any event, encompass machine readable information.
Id. at n. 1. As we have previously explained, the subsequent holding (that in addition to being human(not machine-) readable, the "digital display" must, inter alia, be "to the caller”) in Northern Telecom does not contradict Intellicall footnote 1:
[W]e perceive no such contradiction. Pho-nometrics' contention that there is a conflict is premised upon its reading of footnote 1 in Intellicall as pronouncing that it would be erroneous to include a “to the caller” limitation in the construction of the phrase "digital display.” We disagree with that reading. Footnote 1 clearly does not state that such a construction would be erroneous. Phonometrics has apparently overlooked the word "if” and the final sentence in footnote 1, which read, "If this was an error, ... the error would be harmless. The claim in any event does not encompass machine readable information.” Rather than suggesting that "to the caller” should not be part of the claim construction, as Phonometrics contends, footnote 1 actually indicates that the opposite may be true, as the opinion clearly holds that the display must be human readable — not merely machine readable. Phonometrics' creative reading of the cases is thus wholly without merit. Moreover, even if the Intellicall panel had believed that the claim did not include a “to the caller” limitation, any expression of that belief was, as the Northern Telecom opinion states, dictum, as it was not essential to the holding in that case.
Westin Hotel, 319 F.3d at 1332 (citation omitted) (emphasis in original).

. "A PBX is a high speed telecommunications switching system designed to interconnect a large number of individual telephone lines to each other and to the public telephone network through a central location.” Northern Telecom, 133 F.3d at 1462.

. We recently affirmed the district court's findings of exceptionality and imposition of attorney fees and costs on Phonometrics in two of its other actions against hotel defendants, as well as its determination (in one of those cases) that Phonometrics' counsel was liable for fees and costs under 28 U.S.C. § 1927. Phonometrics, Inc. v. Choice Hotels Int'l, Inc., 65 Fed.Appx. 284, 2003 WL 2008126, at *2 (Fed.Cir.2003) ("Choice II”.); Phonometrics, Inc. v. ITT Sheraton Corp., 64 Fed.Appx. 219, 2003 WL 2008125, at *2 (Fed. Cir.2003) ("Sheraton III ”). The district court's rationale for both decisions was the same as here, and we based our affirmances on Phonometrics' inability, after Northern Telecom, "to articulate any plausible basis for how the . .. accused systems meet the ['substantially instantaneous’] claim limitation. ...” Choice II, 2003 WL 2008126, at *2; Sheraton III, 2003 WL 2008125, at *2.

. The district court's careful consideration of the standard for liability under 28 U.S.C. § 1927 is evidenced by its rejection of Westin's argument that Phonometrics' assertion of infringement was vexatious from the moment its complaint was filed (several years before Northern Telecom was decided).

. As we noted in Sheraton I, our prior prece-dential decision on the same issue in an appeal involving other Phonometrics actions against hotel defendants "governfed] the outcome of" Sheraton I. Sheraton I, 2000 WL 286624, at *1 (citing Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed.Cir.2000)). Our decisions in Hospitality Franchise and Sheraton I, of course, merely held that Phonometrics was not required "to amend its claims to include specific allegations about each [claim] limitation once a court has construed the claims of the patent.” Hospitality Franchise, 203 F.3d at 794 (noting that such a requirement "would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation"). Confined as they were to the narrow issue of Federal Rule of Civil Procedure 12(b)(6) sufficiency, Hospitality Franchise and Sheraton I said nothing about the merits of Phonometrics' claims.

. In Sheraton III, we vacated the district court’s holding that Phonometrics and its counsel were jointly and severally liable for the aggregate award. Sheraton III, 2003 WL 2008125, at *3. Here, however, the district court clearly specified that Phonometrics “is responsible for [the awarded] fees and costs pursuant to 35 U.S.C. § 285 [and its] counsel is responsible for [the awarded] fees and costs pursuant to 28 U.S.C. § 1927.” May 6 Order, slip op. at 9. We therefore uphold the district court's ruling that Phonometrics and its counsel are jointly and severally liable for the award.

. We, of course, review the district court's decision. Thus, the issue is not whether we would award sanctions, but whether, applying the appropriate, deferential review standard, we must sustain the district court's decision. Although disagreeing with our decision in this regard, nowhere does the dissent identify clear error in the district court's finding of exceptionality, or sLate how the district court’s decision to award fees and costs constituted an abuse of discretion under our formulation or that of the Eleventh Circuit. See Cybor Corp., 138 F.3d at 1460 ("A district court abuses its discretion when its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful.''); Martin, 307 F.3d at 1336 ("A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.” (quoting Chicago Tribune, 263 F.3d at 1309)).

. The district court noted that Phonometrics had “specifically represented in a [1997] hearing before [the district court] that 'the fact of the matter is that there are none of these equipments that these defendants [including Westin] have that has a display to the caller during the call in progress.’ ” May 6 Order, slip op. at 5. As noted above, the district court also stated that Phonometrics "never once accused [Westin] of violating the '463 patent as it was defined by the Federal Circuit.” Id. at 8.

. Decisions cited by the unofficial “Fed. Appx." and the WL online service are those that the court designated as unpublished and nonprecedential.