**PHONOMETRICS, INC.,**
Plaintiff–Appellant,

and

**John P. Sutton, Sanctioned
Party–Appellant,**

v.

**HOLIDAY INNS, INC. and Inter–
Continental Hotels Corp.,**
Defendants–Appellees,

and

**Four Seasons Hotels, Inc.,**
Defendant–Appellee,

and

**Interstate Hotels Corporation (also
known as Interstate Hotels, LLC),**
Defendant–Appellee,

and

**Hospitality Franchise Systems, Inc.
(also known as Cendant Corporation),
Benchmark Hospitality, Inc., Grosve-
nor Hotels Group, Fairmont Hotel
Management Co., Park Lane Hotels
International, and Rhi Hotels, Inc.,**
Defendants.

Nos. 03–1290, 03–1291, 03–1292.

United States Court of Appeals,
Federal Circuit.

Feb. 27, 2004.

Before MICHEL, SCHALL, and DYK,
Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

Phonometrics, Inc. and John P. Sutton move to remand these cases to the United States District Court for the Southern District of Florida. Four Seasons Hotels Limited et al. oppose.

These are three of the many related cases in which the district court awarded attorney fees and costs to defendants that were sued by Phonometrics. The briefing schedule in these appeals was stayed, pending disposition by this court of Phonometrics' appeals regarding the merits of the patent infringement action, 02–1418 et al. On September 11, 2003, we affirmed the district court's decision in 02–1418 et al. The court requested that Phonometrics inform the court how this appeal concerning the attorney fee award should proceed in view of our affirmance of the district court's decision on the merits. Phonometrics and Sutton move to remand, based on three arguments: (1) that the district court improperly imposed sanctions against counsel pursuant to 28 U.S.C. § 1927; (2) that the award improperly includes work performed related to a previous appeal before this court; and (3) that the attorney fee decision does not distinguish between Phonometrics' liability pursuant to 35 U.S.C. § 285 and counsel's liability pursuant to 28 U.S.C. § 1927.

Concerning Sutton's first argument, that we should disturb the district court's determinations concerning counsel's actions and the imposition of the § 1927 attorney fee award, we disagree. In *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242 (Fed.Cir.2003) we rejected such arguments and held that this district court did not abuse its discretion in awarding attorney fees in that case, involving another defendant.

Phonometrics' and Sutton's second argument is that the award improperly includes fees for work performed related to an appeal in which Phonometrics was the prevailing party. Four Seasons did not respond to this argument. As we held in *Phonometrics,* 350 F.3d at 1250, the attorney fee award should not include fees incurred in connection with such appeals. Thus, we remand for a recalculation, if appropriate, to exclude any amount related to any such appeals.

We disagree with Phonometrics' and Sutton's third argument, that the district court's award did not distinguish between Phonometrics' liability under § 285 and Sutton's liability under § 1927. As we similarly held in *Phonometrics,* 350 F.3d at 1249 n. 9, it is sufficient that the district court in these cases held that it awarded fees and costs against Phonometrics pursuant to 35 U.S.C. § 285 and against counsel pursuant to 28 U.S.C. § 1927.

Accordingly,

IT IS ORDERED THAT:

These cases are remanded to the United States District Court for the Southern District of Florida for a recalculation, if appropriate, of the amount of fees awarded if that amount included work related to any appeals in which Phonometrics prevailed. In all other aspects, the district court's decisions are affirmed.