MERCEXCHANGE, L.L.C., Plaintiff,

v.

EBAY, INC. and Half.Com, Inc., Defendants.

Civil Action No. 2:01cv736.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 29, 2007.

Brent Lee Vannorman, Gregory N. Stillman, Hunton & Williams, Norfolk, VA, Kenneth Reed Mayo, Reed Mayo Law Firm PC, Virginia Beach, VA, Thomas J. Cawley, Hunton & Williams, McLean, VA, Brian Mark Buroker, Emerson Vincent Briggs, III, Hunton & Williams, Washington, DC, for Plaintiff.

Allan M. Soobert, Skadden Arps Slate Meagher & Flom LLP, Washington, DC, Jeffrey Graham Randall, Skadden Arps Slate Meagher & Flom LLP, Palo Alto, CA, Robert William McFarland, Steven R. Zahn, McGuirewoods LLP, Norfolk, VA, for Defendants.

### ORDER AND OPINION

JEROME B. FRIEDMAN, District Judge.

Pending before the court are several motions filed by the defendants, eBay, Inc., and Half.com, Inc. (collectively, "eBay" or "the defendants"), as well as two motions filed by the plaintiff, MercExhange, LLC ("MercExchange" or "the plaintiff"). While the court continues its; consideration of several of the motions, it finds it prudent to rule on eBay's motion for attorneys' fees on the '176 patent. After examination of the briefs and record, this court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons stated fully herein, **DENIES** the defendants' motion for an award of attorneys' fees.

### I.  Factual and Procedural History

Although much of the history of this case has been set out in this court's multiple prior orders, the procedural history relevant to the instant motion for attorneys' fees is set out as follows. After a jury verdict finding that Half.com had willfully infringed upon MercExchange's '176 patent, the defendants appealed. The Federal Circuit reversed the '176 patent damages award, finding that the patent was invalid based on anticipation. *MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323, 1335 (Fed.Cir.2005). The issue of damages on the '176 patent was not considered by the Supreme Court. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006) (noting that certiorari was granted to determine the appropriateness of the "general rule that courts will issue permanent injunctions against patent infringement absent exceptional circumstances").

On August 10, 2007, the defendants filed the instant motion for attorneys' fees on

the '176 patent, arguing that the plaintiff knew of the existence of an article by Arthur Keller ("the Keller article"), which rendered the patent anticipated, but still brought its claim for infringement of the '176 patent in bad faith. MercExchange did not file a direct response to this motion, but instead filed an "Omnibus Motion to Strike eBay's Numerous Improper Filings and a Suggestion for Sanctions," in which it argued that an award of attorneys' fees on the '176 patent, which was found valid and infringed by a jury, would be unprecedented, and also suggested that eBay's request is time-barred. The defendants filed a response brief on August 24, 2007, and therefore the motion for attorneys' fees is ripe for consideration.

## II. Standard of Review

The defendants seek attorneys' fees under a statute governing patent cases, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A] prevailing party who seeks an award of attorney fees has the burden of proof of facts which establish the exceptional character of the case." *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed.Cir.1985), *overruled on other grounds by Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867 (Fed.Cir.1988) (*en banc*). The exceptional nature of the case must be established by clear and convincing evidence. *Id.; Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1584 (Fed.Cir.1993).

It is clear that Congress did not "contemplat[e] that the award of attorney's fees will become an ordinary thing in patent suits." *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 691 (Fed.Cir. 1984), *quoting* S.Rep. No. 1503, 79th Cong., 2d Sess. (1946). Rather, the purpose of Section 285 is to "provide discre-

tion where it would be grossly unjust that the winner be left to bear the burden of its own counsel which prevailing litigants normally bear." *J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc.*, 822 F.2d 1047, 1052 (Fed. Cir.1987); *Rohm*, 736 F.2d at 692 ("a prevailing alleged infringer should be awarded attorney fees only when it would be unjust not to make such an award").

The determination that a patent case is so exceptional in nature as to warrant an award of attorneys' fees to the prevailing party "should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force." *Rohm*, 736 F.2d at 691, *quoting Park–in Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir.1951). Among the factors to be considered by a court in determining whether the circumstances justify the award of attorneys' fees are "the closeness of the case, tactics of counsel, the conduct of the parties and any other factors that may contribute to a fairer allocation of the burdens of litigation as between winner and loser." *J.P. Stevens*, 822 F.2d at 1051, *quoting S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir.1986); *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1482 (Fed. Cir.1998) ("Findings of exceptional case have been based on a variety of factors, for example, ... vexatious or unjustified litigation, or other misfeasant behavior."). Once the case is deemed exceptional, the district court then must determine whether attorneys' fees are appropriate, a determination that is reviewed for abuse of discretion. *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1245 (Fed.Cir. 2003).

## III. Discussion

### A. Bad Faith

The court is persuaded that an award of attorneys' fees in favor of the

defendants with regard to the '176 patent is not warranted. eBay claims that MercExchange acted in bad faith, and points to the existence of the Keller article, which the Federal Circuit held rendered the '176 patent anticipated, as evidence of MercExchange's misfeasance. Specifically, eBay alleges that MercExchange filed suit on the '176 patent with full knowledge of the Keller article. From this, eBay asks this court to infer that MercExchange was acting in bad faith. eBay's conclusory allegations notwithstanding, the court finds that eBay has failed to demonstrate by clear and convincing evidence that this is an exceptional patent case in which an award of attorneys' fees is justified under Section 285.

eBay continually trumpets the Federal Circuit's holding that "no reasonable jury could have found the asserted claims of the '176 patent to be valid" as evidence that MercExchange was acting in bad faith. But it is quite clear that the Federal Circuit was simply articulating and applying the appropriate standard of review for the jury's finding. *See, e.g., Thomson, S.A. v. Quixote Corp.,* 166 F.3d 1172, 1174 (Fed. Cir.1999) ("JMOL is appropriate when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. We review a denial of a motion for JMOL *de novo* by reapplying the JMOL standard.") (internal quotations omitted); *MicroStrategy, Inc. v. Business Objects, S.A.,* 429 F.3d 1344, 1349 (Fed.Cir. 2005) ("We must reverse the denial of a motion for JMOL if a reasonable jury could only rule in favor of the movant; if reasonable minds could differ, we must affirm.") (internal quotation omitted). To hold, as eBay appears to urge upon this court, that in every case in which the Federal Circuit has found a jury verdict to be unreasonable the prevailing party is entitled to attorneys' fees would be to strip

Section 285's requirement of an "exceptional case[ ]" of all significance.

Indeed, while theoretically possible, eBay has directed the court to no decision granting attorneys' fees in a patent case to a party that was originally determined to be willfully infringing, and only on appeal became the "prevailing party." In fact, the case that eBay cites to demonstrate this proposition, *Group One, Ltd. v. Hallmark Cards, Inc.,* 407 F.3d 1297, 1309 (Fed.Cir.2005), involved a reversal of the district court's grant of judgment as a matter of law that the patent in question was invalid for obviousness, after a jury had found that the patent was not obvious. The Federal Circuit noted that "[t]he district court did not reach JMOL on the question of infringement," and declined to address the issue of infringement for the first time on appeal, holding that "[t]he better practice is to allow the parties to present the issue to the district court in the first instance." *Id.* at 1308.

The jury in *Group One* had found infringement of the patent, but the court's grant of JMOL on the issue of obviousness had nullified the jury's verdict. In contrast, the jury in the instant case found validity and infringement, and the court denied the defendants' motion for JMOL as to obviousness on the '176 patent. It was not until the Federal Circuit reversed the jury's findings that the defendants became the "prevailing party." Unlike the instant case, in *Group One,* the Federal Circuit remanded the case to the district court "for consideration of the issues of enhanced damages, attorney fees, and costs, *assuming that the judgment of infringement is sustained." Id.* at 1309 (emphasis added). Therefore, although the jury's verdict in *Group One* was initially set aside by the district court's grant of JMOL with respect to obviousness, the Federal Circuit reinstated that jury's find-

ing on obviousness, and remanded for consideration of a JMOL motion with regard to infringement. This is a much different procedural scenario than that facing the court in the instant case, and eBay's failure to cite to a case that is procedurally similar is indicative that, at the very least, the grant of attorneys' fees in such a scenario is exceedingly rare.[1]

Accordingly, as MercExchange indicates, it would be unprecedented for this court to find this matter "exceptional" within the meaning of 35 U.S.C. § 285, where the jury found Half.corr. to have willfully infringed, this court did not disturb this finding, and only on appeal was the patent declared anticipated. eBay alleges that MercExchange was told during previous litigation that the Keller article had invalidated the '176 patent, and that MercExchange nonetheless claimed infringement of the '176 patent by eBay. eBay further argues that, because MercExchange did not address this allegation, it should be deemed as though it is admitted. To hold, as eBay wishes the court to, that "[e]very aspect of MercExchange's case on the '176 patent was known to be baseless and pursued in bad faith from filing through trial" would fly in the face of both the jury's finding and this court's denial of eBay's motion for JMOL on the '176 patent. In fact, although eBay argued in support of its motion for JMOL that the asserted claims of the '176 patent were invalid for obviousness, it made no such argument with regard to anticipation. Nevertheless, the Federal Circuit permitted eBay to raise the issue of anticipation for the first time on appeal, noting that, "[b]ecause 'anticipation is the epitome of obviousness,' the defendants' obviousness arguments preserved their right to argue invalidity based on anticipation." *MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323, 1330 (Fed.Cir.2005) (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed.Cir.1983)). Therefore, to find that MercExchange proceeded in bad faith at trial because they knew the '176 patent to be anticipated, even where eBay failed to argue anticipation, would be improper.

While it appears that MercExchange knew of the existence of the Keller article because of its reference in the lawsuit that MercExchange had filed against Goto.com in 2000, that knowledge does not, as eBay argues, immediately translate into bad faith. Indeed, Thomas Woolston, MercExchange's president and the man who claimed to have invented the '176 patent, submitted a declaration in that lawsuit, indicating that he had invented the patent some time prior to the Keller article. Although eBay claims that MercExchange's subsequent abandonment of this argument demonstrates that MercExchange had no legitimate defense to the Keller article, this again fails to rise to the level of clear and convincing evidence of bad faith on the part of MercExchange.

Although the Federal Circuit has indicated that if a "patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith," *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810 (Fed.Cir.1990), eBay cites no

---

1. Further, the jury in *Group One* had found that the infringer had willfully infringed, and that finding was restored by the Federal Circuit, subject to the district court's consideration of JMOL on infringement. As the Federal Circuit has repeatedly held, "when a trial court denies attorney fees in spite of a finding of willful infringement, the court must explain why the case is not 'exceptional' within the meaning of the statute." *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed.Cir. 1990) (emphasis in original). In the instant case, the finding of willful infringement was reversed, and therefore the court need not explain why this case is not exceptional.

authority for holding the same inference with regard to the validity of a patent.[2] Even were that inference possible, eBay has failed to demonstrate that MercExchange was "manifestly unreasonable" in assessing the validity of the '176 patent, and therefore, the court would not infer bad faith on the part of MercExchange in pursuing its claim on that patent. Because the defendants have failed to demonstrate by clear and convincing evidence that the plaintiff acted in bad faith in pursuing its claims on the '176 patent, the motion for attorneys' fees is denied.

### B. Timeliness

The court has found that defendants have failed to demonstrate by clear and convincing evidence that the plaintiff proceeded in its claims on the '176 patent in bad faith. Accordingly, the court declines to address MercExchange's claim that eBay's motion is time barred at this time.

### IV. Conclusion

In light of the fact that the defendants' motion does not present clear and convincing evidence that the plaintiff acted in bad faith, the defendants' motion for attorneys' fees is **DENIED.**

The Clerk is **REQUESTED** to send copies of this Order to counsel of record.

**IT IS SO ORDERED.**

---

**2.** eBay argues that the "principle applies equally to a patentee's assessment of the validity of an asserted patent," Memorandum in Support of Motion for Attorneys' Fees, Docket No. 704, but cites no case law directly in support of this claim. The case that eBay does cite, *Hughes v. Novi American, Inc.,* 724 F.2d 122, 125 (Fed.Cir.1984), involved a patentee who could not escape attorneys' fees by "rel[ying] upon the statutory presumption of validity." In contrast, MercExchange did not rely exclusively on the statutory presumption of validity of the '176 patent.